Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v*. Richard E. Antram, Appellee.

Argued November 15, 1979, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him, *Robert W. Cunliffe,* Deputy Attorney General and *Gerald Gornish,* Acting Attorney General, for appellant.

No appearance for appellee.

Opinion by Judge Wilkinson, Jr., December 20, 1979:

The Department of Transportation (Department) appeals from an order of the Court of Common Pleas of Somerset County ordering the Secretary of Transportation to reinstate the operating privileges of the appellee.

Appellee's operator's license had been suspended by the Department on November 3, 1976 for failure to satisfy a judgment awarded by the court of common pleas. The suspension was superseded during an appeal to the court of common pleas. Subsequently the court of common pleas dismissed appellee's appeal and affirmed the suspension. The suspension of appellee's operator's license was reinstated, effective March 17, 1977. On May 1, 1977 appellee drove during suspension, a violation of Section 1543 of the Vehicle Code, 75 Pa. C.S. §1543. Appellee was convicted on July 18, 1977 for the violation.

The Department received a certified record of the conviction and on January 11, 1978 issued an Official Notice revoking appellee's operating privileges for a period of one year, effective February 1, 1978. Since appellee's license had been suspended, and not revoked, at the time he committed his violation of Section 1543, the notice incorrectly stated that the revocation was to be for one year. In accordance with Section 1543(b), 75 Pa. C.S. §1543(b), the period of revocation should have been six months.

Appellee took an appeal to the court of common pleas. A hearing was held on July 10, 1978. At that hearing the Department agreed that the revocation should have been for a period of six months rather than one year and argued that the court could correct the revocation to six months. The court held that it had no authority to correct the revocation order issued by the Department but that it could only sustain the

revocation or reverse it. Since the Department's order erroneously imposed a revocation for a period of one year, the court reversed the order and directed reinstatement of appellee's license.

In *Department of Transportation, Bureau of Traffic Safety v. Kobaly*, 477 Pa. 525, 384 A.2d 1213 (1978), the Pennsylvania Supreme Court held that in a motor vehicle inspection license suspension case, where the trial court, after trial de novo, makes findings of fact or conclusions of law which are different from those made by the Department, the trial court is vested with authority to modify the penalty imposed by the Department. That case cannot be distinguished from the present case, particularly where the statute mandates the revocation. *Cf. Department of Transportation, Bureau of Traffic Safety v. Wiley*, 19 Pa. Commonwealth Ct. 589, 338 A.2d 790 (1975); *Nyman Motor Vehicle Operator License Case*, 218 Pa. Superior Ct. 221, 275 A.2d 836 (1971).

In this motor vehicle operator's license suspension case, the trial court, after trial de novo, made a conclusion of law different from that made by the Department. Therefore, the court of common pleas was vested with authority to correct the period of revocation imposed by the Department.

Accordingly, we will enter the following

## Order

And Now, December 20, 1979, the order of the Court of Common Pleas of Somerset County, docketed at No. 27 Civil 1978, dated September 6, 1978, directing the Secretary of Transportation to reinstate the operating privileges of Richard E. Antram, is reversed. The Official Notice of the Department of Transportation, dated January 11, 1978, revoking the motor vehicle operating privileges of Richard E. Antram for a period of one year, is corrected to a period

of revocation of six months and, as modified, is affirmed.