530 A.2d 1021

Robert J. Davidson, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Submitted on briefs April 24, 1987, to Judges MAC-PHAIL and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Chester C. Corse, Jr., Williamson, Friedberg & Jones,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Henry G. Barr,* General Counsel, *Spencer A. Manthorpe,* Chief Counsel, for appellee.

OPINION BY JUDGE BLATT, September 8, 1987:

Robert J. Davidson (appellant) appeals the order of the Court of Common Pleas of Schuylkill County (trial court) which affirmed a one-year revocation of his operating privileges by the Department of Transportation, Bureau of Driver Licensing (Department).

The underlying facts in this case are not in dispute. The appellant was convicted of violating Section 3742 of the Vehicle Code, 75 Pa. C. S. §3742 (accidents involving death or personal injury) and Section 2705 of the Crimes Code, 18 Pa. C. S. §2705 (recklessly endangering another person). When the Department received

the conviction certification from the clerk of the trial court, it imposed a one-year revocation of the appellant's operating privileges as mandated by Section 1532(a) of the Vehicle Code. On appeal, the trial court affirmed the revocation and dismissed the appeal.

The appellant contends here, as he did before the trial court, that the erroneous listing on the conviction certification of January 23, 1984[1] as the date of the violation, precludes the Department from revoking his operating privileges. The trial court summarily held to the contrary, and we are in agreement with the trial court's ruling.

Judicial review of an administrative revocation of a driver's license due to a conviction for violating the traffic laws is limited to determining whether or not the motorist, in fact, has been convicted and whether or not the Department has faithfully observed the provisions of the Vehicle Code in issuing the revocation. *Department of Transportation, Bureau of Traffic Safety v. Schmidt,* 57 Pa. Commonwealth Ct. 318, 426 A.2d 1222 (1981); *Department of Transportation, Bureau of Traffic Safety v. Lea,* 34 Pa. Commonwealth Ct. 310, 384 A.2d 269 (1978). Inasmuch as there is, and can be, no dispute here that the appellant was, in fact, convicted as stated on the conviction certification, the erroneous listing on that certification of an incorrect date of the act on which the conviction is based is immaterial to our purpose here.

Next, we must consider the Department's request for its counsel fees to be assessed against the appellant. Rule 2744 of the Pennsylvania Rules of Appellate Procedure pertinently provides that an appellate court may

---

[1] The appellant entered a plea of nolo contendere to the criminal charges, which Section 6501(a) of the Vehicle Code, 75 P.S. §6501(a), defines as a conviction for the purposes of that statute.

award such costs "if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious."

In view of the long-established principles which control the outcome of this case, we believe that "no justiciable question has been presented and the appeal is readily recognizable as devoid of merit. . . ." *Collis v. Zoning Hearing Board of the City of Wilkes-Barre,* 77 Pa. Commonwealth Ct. 4, 10, 465 A.2d 53, 57 (1983). We will, therefore, award the counsel fees requested by the Department and will remand to the trial court to determine the amount of such costs pursuant to Pa. R.A.P. 2744.

## ORDER

AND NOW, this 8th day of September, 1987, the order of the Court of Common Pleas of Schuylkill County in the above-captioned matter is affirmed and the record is remanded to that Court to determine the amount of the counsel fees to which the Department of Transportation is entitled.

Jurisdiction relinquished.