598 A.2d 110

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,

v.

**Gregory Burton BALLOCH, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted Aug. 16, 1991.

Decided Oct. 4, 1991.

William P. Kuhar, for appellant.

No appearance for appellee.

Before CRAIG, President Judge, SMITH, J., and SILVESTRI, Senior Judge.

CRAIG, President Judge.

The Pennsylvania Department of Transportation, Bureau of Driver Licensing (department) appeals from an order of the Court of Common Pleas of Elk County which sustained the appeal of Gregory Burton Balloch (licensee) from a suspension of his motor vehicle operating privilege.

The issue in this case is whether the trial court erred in sustaining the licensee's appeal on the ground that the notice of suspension issued by the department erroneously stated that the licensee violated section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547, by refusing to take a chemical test for alcohol, on May 18, 1989, when the alleged violation was May 19, 1990.

The facts of this case are as follows. The licensee received a notice from the department that, as a result of his refusal to submit to chemical testing on May 18, 1989, his license would be suspended for a period of one year. The licensee appealed the department's action to the Court of Common Pleas of Elk County which conducted a *de novo* hearing on September 6, 1990.

At the hearing, the department conceded that the licensee did not violate section 1547 of the Code on May 18, 1989. Rather, the department sought to prove that the violation occurred on May 19, 1990 and that the May 18, 1989 date was a typographical error.

Counsel for the licensee contended that because the notice stated that the licensee violated section 1547 of the Code on May 18, 1989, he was not prepared to defend against the May 19, 1990 refusal which the department sought to prove. Counsel for the licensee stated to the court that because his client had been charged with violat-

ing section 3731 of the Code, driving under the influence of alcohol, on three different occasions, he was without notice as to which date the department sought to prove that the licensee refused chemical testing.

The trial court sustained the licensee's appeal because the licensee did not violate section 1547 of the Code on May 18, 1989, as the notice alleged. This appeal followed.

The department contends that the trial court abused its discretion in sustaining the motorist's appeal based solely on the typographical error in the notice of suspension.

The department contends that this case is controlled by *Department of Transportation, Bureau of Traffic Safety v. Antram*, 48 Pa.Commonwealth Ct. 135, 409 A.2d 492 (1979). In *Antram*, the department sent a notice to the licensee that his license would be suspended for one year. In accordance with section 1543(b) of the Code, the period of revocation should have been for six months. The trial court determined that it did not have the authority to correct the revocation order issued by the department. Hence, because the the department erroneously imposed a one-year revocation, the court reversed the order and reinstated the licensee's operating privilege.

On appeal, this court reversed. This court held that in accordance with *Department of Transportation, Bureau of Traffic Safety v. Kobaly*, 477 Pa. 525, 384 A.2d 1213 (1978) "where the trial court, after trial de novo, makes findings of fact or conclusions of law which are different from those made by the Department, the trial court is vested with authority to *modify the penalty* imposed by the Department." *Antram*, 48 Pa.Commonwealth Ct. at 137, 409 A.2d at 493. (Emphasis added.)

The present case does not involve the modification of a stautorily mandated revocation. Rather, this case focuses on whether the licensee had sufficient notice that the department intended to revoke his license because of a violation of section 1547 of the Code on May 19, 1990.

The department relies on *Hughes v. Pennsylvania Board of Probation and Parole,* 81 Pa.Commonwealth Ct. 87, 473 A.2d 225 (1984), for the proposition that an immaterial error in the notice of an agency's action is not grounds for a dismissal of the action. In *Hughes,* the Pennsylvania Board of Probation and Parole notified the parolee that as a result of his arrest and conviction in Chester county a parole revocation hearing would be held. At the hearing, the board attempted to introduce evidence of the parolee's conviction in Delaware county. The parolee objected to the introduction of the documents offered by the board because the notice stated that the conviction occurred in Chester county rather than Delaware county. The board did not take evidence concerning the parolee's new conviction and took the parolee's objection under advisement.

The board then held a rehearing approximately four months later. A representative of the board read into the record information concerning the parolee's conviction in Delaware county. The board overruled the parolee's objection and recommitted him as a convicted parole violator.

On appeal to this court, the parolee contended that the initial revocation hearing was constitutionally defective due to the improper notice. This court stated:

Review of the Notice of Charges and Hearing ... indicates that the notice mistakenly identified the county where the petitioner's conviction occurred as Chester County rather than Delaware County. The Notice of Charges and Hearing, however, is otherwise 'sufficiently informative' regarding the several convictions with which the petitioner has been charged. Additionally, *the notice documented the petitioner's date of arrest, date of conviction, and informed the petitioner that the Board intended to hold a full Board Revocation Hearing. Certainly, petitioner received enough information on the Notice of Charges and Hearing to have received actual notice.* Without some further demonstration of prejudice to the petitioner, we cannot hold that petitioner

received improper notice. *Id.*, 81 Pa.Commonwealth Ct. at 90–91, 473 A.2d at 227 (Emphasis added).

The emphasized language above indicates that although the notice incorrectly stated that the parolee was convicted in Chester, rather than Delaware county, the notice was otherwise sufficient to put the parolee on notice of the charges. In other words, in that case, the wrong county name was an immaterial error which could not reasonably mislead as to the particular conviction involved.

 Due process is afforded in administrative proceedings when the accused is informed with reasonable certainty of the substance of the charges against him so that he may adequately prepare a defense. *Commonwealth of Pennsylvania, Department of Transportation v. Tutt*, 133 Pa.Commonwealth Ct. 537, 576 A.2d 1186 (1990). The record in this case indicates that the only information the licensee received from the department indicated that he violated section 1547 of the Code on May 18, 1989, when the correct date was a year and a day later, in 1990. Because the police arrested the licensee on three separate occasions for driving under the influence of alcohol including, April 15, 1989, March 31, 1989, and May 19, 1990, we disagree with the department's conclusion that the date of the purported refusal listed in its notice of suspension was irrelevant or immaterial in this case. Because of the profusion of possible dates, a wrong date could well be misleading in the proper preparation of a defense.

Accordingly, the decision of the trial court is affirmed.

## ORDER

NOW, October 4, 1991, the order of the Court of Common Pleas of Elk County, at No. 90–417, dated September 6, 1990, is affirmed.