641 A.2d 34

Mark SUTTON,

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 25, 1994.

Decided April 11, 1994.

David R. White, Asst. Counsel–Appellate Section, for appellate.

Ronald L. Collins, for appellee.

Before PELLEGRINI and FRIEDMAN, JJ., and LORD, Senior Judge.

PELLEGRINI, Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (PennDOT) appeals the order of the Court of Common Pleas of Clearfield County (trial court) sustaining the appeal of Mark Sutton (Sutton) from a one year suspension of his operating privilege imposed by PennDOT for refusing to submit to chemical testing.[1]

1. Section 1547(b)(1) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1), provides:

If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled sub-

As found by the trial court, the facts leading to this appeal are as follows:

At approximately 10:00 p.m. on *February 3, 1993,* Trooper Michael Greene of the Pennsylvania State Police observed a vehicle operated by one Mark E. Sutton making a turn onto State Route 970. The vehicle did not have its headlights on, although the four-way flashers were working. The Trooper proceeded to the vehicle to determine if assistance was needed. Defendant Sutton was apparently having vehicle problems and the Trooper permitted him to attempt to restart the vehicle as many as three times. The attempts were unsuccessful and Trooper Greene then agreed to transport Sutton to the police station so that he, Sutton, could call a tow truck. At the scene, prior to permitting the Defendant to restart the truck, the Trooper testified that Sutton's eyes seemed bloodshot and glazed and his complexion was flushed. On the drive to the police station, the Trooper noted an odor of alcohol about the Defendant and at that time requested that he submit to field sobriety tests. The Defendant did so, failed them and was taken to submit to a test of his blood, which he refused. (Emphasis added).

Sutton received a notice of suspension from PennDOT dated February 25, 1993, which read:

As a result of your violation of Section 1547 of the Vehicle code, CHEMICAL TEST REFUSAL, on *02/04/1993,* your driving privilege is being SUSPENDED for a period of 1 YEAR(S). (Emphasis added).

Sutton appealed the suspension of his license to the trial court contending that he did not make any refusal to submit to chemical testing on February 4, 1993, and in the alternative, that there were no reasonable grounds to require him to submit to chemical testing.

Before the trial court, PennDOT's sole witness was Trooper Greene, the State Police Officer who arrested Sutton. Troop-

stance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

er Greene testified that Sutton refused to consent to chemical testing on February 4, 1993, as alleged in the notice of suspension. However, on cross-examination, Trooper Greene testified that the refusal had actually taken place on February 3, 1993, not February 4, 1993, as he had testified on direct examination. At the close of PennDOT's case, Sutton moved to have his appeal granted on the basis that PennDOT failed to establish a refusal to submit on February 4, 1993, as alleged in the notice of suspension. Realizing that the February 4, 1993 date appearing in the notice of suspension and initially testified to by Trooper Greene might be wrong, counsel for PennDOT conceded that the date of refusal alleged on the notice of suspension was in error, but despite the trial court's prompting, did not move to amend it to reflect the correct date, instead arguing the "diminutiveness" of any such error.

By order dated June 17, 1993, the trial court sustained Sutton's appeal on the basis that there were no reasonable grounds to request Sutton submit to chemical testing and moreover, that PennDOT had not amended its notice of suspension and had failed to prove that Sutton refused to submit to chemical testing on February 4, 1993. This appeal followed.[2]

PennDOT contends that the trial court erred because:

1) it improperly employed a 'probable cause' standard in evaluating the appropriateness of the request to submit to chemical testing instead of the 'reasonable grounds' standard set forth in Section 1547(a)(1) of the Vehicle Code, 75 Pa.C.S. § 1547(a)(1).

2) even under the facts as found by the trial court, Trooper Greene had reasonable grounds to request Sutton to submit to chemical testing.

**2.** Our scope of review is limited to determining whether the trial court's findings are supported by competent evidence and whether it made an error of law or committed an abuse of discretion in coming to its decision. *Department of Transportation, Bureau of Driver Licensing v. Monsay,* 142 Pa.Commonwealth Ct. 163, 596 A.2d 1269 (1991).

3) the notice of suspension was an administrative order rather than a pleading, so any variance between the date alleged and the date of refusal proven was immaterial.

We need not address PennDOT's first two contentions because it failed to prove that Sutton refused to submit to chemical testing on February 4, 1993, as alleged on the notice of suspension. As a general rule, the proofs presented at trial must conform to the allegations placed into issue in the pleadings. *Pennsylvania Department of Transportation v. Manor Mines, Inc.,* 523 Pa. 112, 565 A.2d 428 (1989). Unless a variance between the two is immaterial, the party with the burden of proof must amend its allegations to conform to the proof. See, e.g., *City of Washington v. Johns,* 81 Pa.Commonwealth Ct. 601, 474 A.2d 1199 (1984). Contrary to PennDOT's assertion that a notice of suspension is merely an administrative order, we have held that a notice of suspension serves the function of a pleading in a license suspension proceeding. *Pennsylvania Department of Transportation, Bureau of Driver Licensing v. Balloch,* 142 Pa.Commonwealth Ct. 637, 598 A.2d 110 (1991). It places the averments contained in the notice of suspension at issue, including the date the alleged refusal occurred. *Id.,* 142 Pa.Cmwlth. at 641, 598 A.2d at 112.

Because each and every instance of a refusal under Section 1547(b)(1) constitutes a separate and cognizable basis for suspension, a discrepancy in the date of refusal alleged on a notice of suspension is material. *Balloch, supra* at 641, 598 A.2d at 112. The date alleged in the notice of suspension is the only way in which PennDOT identifies the refusal for which it is attempting to revoke a driver's license and it is the only notice which informs the licensee of what he must defend against. *C.f. Hughes v. Pa. Board of Probation and Parole,* 81 Pa.Commonwealth Ct. 87, 473 A.2d 225 (1984) (holding variance in location of alleged parole violation not material when violation identified not only by where it took place, but also by date of arrest, date of conviction and specification of violation). Since each refusal separately dated identifies a separate cause of action, the variance here is material. *Ac-*

*cord, Ellis v. Greenbaum Sons Investment Co.,* 307 Pa. 77, 160 A. 702 (1932).

█  Through the notice of suspension, PennDOT placed a February 4, 1993 refusal at issue. PennDOT offered proof to establish that the refusal took place on February 4, 1993. Only after PennDOT presented its case to prove that the refusal at issue took place on February 4, 1993, and based on the cross-examination of Trooper Greene it appeared that no refusal had occurred on that date, did PennDOT concede that the February 4, 1993 date on the notice of suspension might be wrong. Nevertheless, even after this concession and the trial court's prompting, PennDOT did not seek to amend its notice of suspension to allege a refusal on February 3, 1993. Accordingly, the trial court did not err in sustaining Sutton's appeal.

### *ORDER*

AND NOW, this 11th day of April, 1994, the order of the Court of Common Pleas of Clearfield County dated June 17, 1993, is affirmed.