660 A.2d 46

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellant,**

v.

**Mark E. SUTTON, Appellee.**

Supreme Court of Pennsylvania.

Argued March 8, 1995.

Decided June 22, 1995.

36

---

Timothy P. Wile, Asst. Counsel in Charge, Dept. of Transp., Harold H. Cramer, for appellant.

Ronald L. Collins, Sobel, Collins & Knaresboro, Clearfield, for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

## *OPINION*

NIX, Chief Justice.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing ("the Department"), appeals from the Order of the Commonwealth Court which affirmed the Order of the court of common pleas sustaining the appeal of Appellee, Mark Sutton, from a one year suspension of his operating privilege imposed by the Department for refusing to submit to chemical testing.[1] We granted allocatur to address whether the notice of suspension issued to Appellee as a result of his refusal to submit to a blood test was sufficient to apprise him of the conduct underlying the suspension so as to allow him to prepare a defense. For the reasons that follow, we reverse and remand to the Commonwealth Court.

The undisputed facts as found by the trial court are:

At approximately 10:00 p.m. on February 3, 1993, Trooper Michael Green[e] of the Pennsylvania State Police observed a vehicle operated by [Appellee] making a turn onto State Route 970. The vehicle did not have its headlights on although the four-way flashers were working. The Trooper proceeded to the vehicle to determine if assistance was needed. [Appellee] was apparently having vehicle problems and the Trooper permitted him to attempt to restart the vehicle as many as three times. The attempts were unsuccessful and Trooper Green[e] then agreed to transport [Appellee] to the police station so that he, [Appellee], could call a tow truck. At the scene and prior to permitting [Appellee] to restart the truck, the Trooper testified that [Appellee]'s eyes seemed blood shot and glazed and his

---

1. Section 1547(b)(1) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1), provides:

   (b) Suspension for refusal.—

   (1) If any person placed under arrest for a violation of [75 Pa.C.S. § 3731] (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

complexion was flushed. On the drive to the police station, the Trooper noted an odor of alcohol about [Appellee] and at that time requested that he submit to field sobriety tests. [Appellee] did so, failed them and was taken to submit to a test of his blood, which he refused.

*Dep't. of Transp., Bureau of Driver Licensing v. Sutton,* No. 93–460–CD, slip op. at 1 (C.P. Clearfield County filed Aug. 27, 1993).

Subsequently, Appellee received a notice of suspension from the Department which read:

> As a result of your violation of Section 1547 of the Vehicle Code, CHEMICAL TEST REFUSAL on *2/04/1993,* your driving privilege is being SUSPENDED for a period of 1 YEAR(S).

(Notice of Driver's License Suspension, R.R. at 5a) (emphasis added). Appellee appealed the license suspension to the court of common pleas. He contended that he did not refuse to submit to chemical testing on February 4, 1993. He also argued that there were no reasonable grounds to require him to submit to chemical testing.

At trial, the Department's only witness was Trooper Greene who had arrested Appellee. The trooper testified that Appellee refused to consent to a blood test on February 4, 1993, which was the date alleged in the notice of driver's license suspension. (R.R. 11a, 23a, 33a). On cross-examination, however, he testified that the refusal actually occurred on February 3, 1993. (R.R. 29a). Thus, Appellee moved to have the suspension dismissed because the Department failed to establish a refusal to submit to chemical testing on February 4, 1993, as alleged in the notice of driver's license suspension. Counsel for the Department conceded that the date on the driver's license suspension was in error but argued that the error was diminutive and immaterial. (R.R. 36a–37a).

The trial court sustained Appellee's appeal and dismissed the Department's suspension of driver's license. Finding that the Department neither sought to amend the notice of suspension nor offered testimony that the notice was in error, the trial court held that the Department is bound by its own

documents and must prove a refusal on February 4, 1993. *Dep't. of Transp., Bureau of Driver Licensing v. Sutton,* No. 93–469–CD, slip op. at 5 (C.P. Clearfield County filed Aug. 27, 1993). The trial court additionally found that there were no reasonable grounds to require Appellee to submit to chemical testing. *Id.* at 4–5.

The Commonwealth Court affirmed. *Sutton v. Dep't. of Transp., Bureau of Driver Licensing,* 163 Pa.Commw. 302, 641 A.2d 34 (1994). The Commonwealth Court determined that a notice of suspension serves the function of a pleading in a license suspension proceeding and places at issue the date the alleged refusal occurred. *Id.* at 306, 641 A.2d at 36–37 (citing *Dep't. of Transp., Bureau of Driver Licensing v. Balloch,* 142 Pa.Commw. 637, 598 A.2d 110 (1991)). It found that a discrepancy in the date of refusal alleged on a notice of suspension is material. *Id.,* 641 A.2d at 37. Additionally, "[t]he date alleged . . . is the only way in which [the Department] identifies the refusal for which it is attempting to revoke a driver's license and it is the only notice which informs the licensee of what he must defend against." *Id.* (citation omitted). Thus, the Commonwealth Court held that because the Department failed to prove that Appellee refused to submit to chemical testing on February 4, 1993, as alleged in the notice of suspension, the trial court did not err in sustaining Appellee's appeal. *Id.* at 307, 641 A.2d at 37.

The Department appealed to this Court, and we granted allocatur. The issue presented is whether the notice of suspension, which listed February 4, 1993, as the date of refusal, issued to Appellee as a result of his refusal to submit to a blood test on February 3, 1993, was sufficient to apprise him of the conduct underlying the suspension so as to allow him to prepare a defense. We find that Appellee was afforded sufficient notice and that the defect was immaterial. Therefore, we reverse and remand to the Commonwealth Court.

█ The Department argues that a notice of suspension is an administrative order and not a pleading which places matters at issue in a statutory appeal. Additionally, the Department submits that due process is afforded licensees in

administrative proceedings when the licensee is informed with reasonable certainty of the charges against him so that the licensee may prepare an adequate defense. In this case, the Department states that the Appellee knew exactly what refusal was the basis for the notice of suspension, and thus, his due process rights were not violated.

Appellee responds that due process is not an issue and that the Department did not prove that Appellee had been involved in any refusal on February 4, 1993. Appellee argues that the Commonwealth Court, relying on *Dep't. of Transp., Bureau of Driver Licensing v. Balloch*, 142 Pa.Commw. 637, 598 A.2d 110 (1991), correctly found that the notice of suspension is the equivalent of a pleading, and therefore, places the identified incident in issue. We disagree.

The Commonwealth Court clearly misinterpreted *Balloch* when it found that *Balloch* stood for the proposition that "a notice of suspension serves the function of a pleading in a license suspension proceeding." *Sutton v. Dep't. of Transportation, Bureau of Driver Licensing*, 163 Pa.Commw. at 306, 641 A.2d at 36. Rather, *Balloch* requires that in administrative proceedings due process be afforded so that the accused may prepare an adequate defense. *Balloch* at 641, 598 A.2d at 112.

In *Balloch*, the notice of suspension incorrectly listed the day and year of the underlying chemical test refusal.[2] The licensee had three chemical test refusals during a thirteen-month period. The licensee argued that because he had been charged with driving under the influence of alcohol on three different occasions, he was without notice as to which date the department sought to prove that he had refused chemical testing. The Commonwealth Court reasoned that the licensee's due process rights were violated because the information

2. The Department issued a notice of suspension which informed Balloch that it was suspending his operating privilege for one year as a result of his May 18, 1989, refusal to submit to chemical testing. At the hearing before the trial court, the Department's evidence established that Balloch had refused chemical testing on May 19, 1990, a year and a day after the date set forth in the notice of suspension. 142 Pa. Commw. at 638, 598 A.2d at 111.

on the notice of suspension did not adequately inform the licensee which one of the three chemical test refusals was being used as the basis for the one-year suspension. *Id.* at 641, 598 A.2d at 112. Thus, the Department's notice of suspension was insufficient because the notice, which listed an incorrect date of the underlying refusal, was misleading and prevented the licensee from the proper preparation of a defense. *Id.*

■ In this case, however, the Department's notice of suspension was sufficient. "Due process is afforded in administrative proceedings when the accused is informed with reasonable certainty of the substance of the charges against him so that he may adequately prepare a defense." *Id.* (citing *Commonwealth of Pennsylvania, Dep't. of Transp. v. Tutt,* 133 Pa.Commw. 537, 576 A.2d 1186 (1990)). Instantly, Appellee was not mislead or prevented from proper preparation of a defense. Appellee knew which refusal was the basis of the Department's notice of suspension.[3] Appellee only brought up one drunken driving arrest at his statutory appeal hearing, and he did not claim that the February 4, 1993, date on the suspension notice rendered it difficult for him to prepare a defense. The test refusal occurred at 11:39 p.m. on February 3, 1993, and Appellee's drunken driving arrest processing went from the late evening hours of February 3, 1993, until the early morning hours of February 4, 1993. Unlike *Balloch,*

---

**3.** In paragraphs four and five of Appellee's statutory appeal petition, Appellee framed the following issues before the court of common pleas:

4. That the said suspension is improper for the following reasons: There was absolutely no refusal of any test on 2/4/93.

The Officer did not have probable cause to believe Licensee was operating a vehicle while intoxicated. *The licensee did not "Refuse To Submit To Any Test," on 2/3/93.*

5. That the said suspension is illegal for the following reasons: There was absolutely no refusal on 2/4/93; *however on 2/3/93 th [sic] licensee pleaded to take a Breathalyzer or Urine Test however, he was told he could only have a Blood test.* He has a phobia of needles & Aids. *He tried to write on the refusal he would take any test but a blood test.* He was ordered not to write this. *The Criminal Complaint is incorrect in 2.A. where it states, "REFUSED TO SUBMIT TO ANY TEST."*

(R.R. 3a) (emphasis added). Clearly, Appellee knew the February 3, 1993, refusal was the basis of the Department's notice of suspension.

Appellee was well aware and prepared to defend against the test refusal on which the suspension was based. Thus, Appellee's due process rights were not violated where the information on the notice of suspension adequately informed him of the chemical test refusal which was the basis for the suspension.

■ Appellee submits that due process is not in issue in this case. He argues that the only question to be resolved is whether the Department proved that Appellee refused a chemical test on February 4, 1993, not February 3, 1993. In this case, however, once due process was afforded, the *de novo* statutory appeal hearing in the court of common pleas cured the technical defect in the Department's notice of suspension. *Commonwealth v. Walkinshaw*, 373 Pa. 419, 96 A.2d 384 (1953) (Appellant's charges of irregularity in the administrative proceeding leading to the issuance of the suspension of his operating privilege were cured by the fact that the court of common pleas heard the matter *de novo*); *Davidson v. Dep't. of Transp., Bureau of Traffic Safety*, 109 Pa.Commw. 188, 530 A.2d 1021 (1987) (erroneous listing of date of conviction on licensee's notice of suspension was immaterial).

Although the notice of suspension incorrectly stated that the refusal occurred on February 4, 1993, rather than February 3, 1993, the error was immaterial. At the *de novo* statutory appeal hearing, the attorney for the Department admitted that the refusal occurred on February 3, 1993, not February 4, 1993. (R.R. 36a). Appellee knew that the February 3, 1993, test refusal was the basis of the suspension.[4] Additionally, the judge in the court of common pleas found that the Department proved a refusal on February 3, 1993. *Dep't. of Transp., Bureau of Driver Licensing v. Sutton*, No. 93–460–CD, slip op. at 5 (C.P. Clearfield County filed Aug. 27, 1993). Inasmuch as there is no dispute that Appellee was afforded due process and refused to submit to a blood test on February 3, 1993, the erroneous listing of the date of the refusal on the notice of suspension is immaterial. *See Davidson v. Dep't. of Transp., Bureau of Traffic Safety*, 109 Pa.Commw. 188, 530

4. See footnote 3, *supra*.

A.2d 1021 (1987). Thus, the Commonwealth Court erred in affirming the trial court's decision to dismiss the Department's suspension of operator's license based on the defective notice of suspension.

The second issue raised by the Department is whether Trooper Greene had reasonable grounds to believe that Appellee had been operating a motor vehicle while under the influence of alcohol so as to have the authority to request that Appellee submit to a blood test under the implied consent law. Because the Commonwealth Court held that the Department failed to prove that Appellee refused to submit to chemical testing on February 4, 1993, as alleged on the notice of suspension, it found that review of the second issue was unwarranted. *Sutton v. Dep't. of Transp., Bureau of Driver Licensing*, 163 Pa.Commw. at 306, 641 A.2d at 36. Thus, we must remand this matter to the Commonwealth Court to resolve this issue.

Accordingly, the Order of the Commonwealth Court is reversed and the matter is remanded to the Commonwealth Court for proceedings consistent with this opinion.

MONTEMURO, J., is sitting by designation.