**Michael E. O'DONNELL,
Sr., Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 8, 2001.

Decided Aug. 9, 2001.

Craig A. Sopin, Philadelphia, for appellant.

Timothy P. Wile, Asst. Counsel In–Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

Before McGINLEY and LEADBETTER, Judges, and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

■ Michael E. O'Donnell, Sr. (Licensee) appeals from the December 20, 2000 order of the Court of Common Pleas of Chester County (trial court) that dismissed Licensee's statutory appeal from the Department of Transportation's (DOT's) one-year suspension of Licensee's operating privilege for failure to file a sufficient statutory appeal. For the reasons that follow, we reverse the trial court's order and remand the matter for a *de novo* hearing pursuant to Section 1550 of the Vehicle Code, 75 Pa.C.S. § 1550.

By official notice dated and mailed September 19, 2000, DOT notified Licensee that it was suspending his operating privilege for one year pursuant to Sections 1532(b)(3) and 1581 of the Vehicle Code, 75 Pa.C.S. §§ 1532(b)(3) and 1581, as a consequence of his conviction in New Jersey for the offense of driving under the influence. (R.R. 8–9a.) On October 11, 2000, Licensee filed a "Petition for Appeal from Order of Department of Transportation Suspending Motor Vehicle Operating Privileges," essentially averring that DOT's order suspending his operating privilege was "illegal, arbitrary, unreasonable, an abuse of discretion and contrary to law." (R.R. 6a.)

On October 11, 2000, the trial court issued a *per curiam* "Rule to Show Cause and Preliminary Order," ordering that Licensee's petition should act as a supersedeas of DOT's suspension order and setting the matter for a hearing on December 7, 2000. (R.R. 4a.) Subsequently, the parties stipulated on November 8, 2000 that the matter should be continued so that it could be listed with other cases involving the Driver License Compact.[1] (R.R. 10a.) Upon DOT's motion to the trial court, the court continued the hearing until December 21, 2000. (R.R. 1a.)

Before any *de novo* hearing, however, the trial court on December 20, 2000 issued an order dismissing Licensee's petition on the grounds that he "failed to set forth in his Petition any grounds upon which we can grant the relief which he requests." Trial Court's December 20,

1. 75 Pa.C.S. § 1581.

2000 Order. In a footnote, the trial court stated that "[w]e are bound by the contents of the Petition. The Petition does not set forth specifically how, or in what manner, the suspension is improper and unlawful." (*Id.*)

■ In its February 22, 2001 opinion in support of that order,[2] the trial court reiterated its conclusion that Licensee failed to aver adequate grounds in his petition to put either the court or DOT on notice of what objections he had to DOT's suspension action. The court stated that Licensee's conclusory petition would have enabled him to raise numerous issues and arguments at the hearing without giving notice of the same. The court determined that Licensee's failure to allege sufficient objections prevented both the court and DOT from preparing for the hearing. The trial court thus concluded that Licensee's petition failed to comply with Pa. R.A.P. 1513, which sets forth the required content for an appellate petition for review.[3]

On appeal to this Court, Licensee argues that the trial court erred in dismissing his appeal without affording him a *de novo* hearing, thus depriving him of due process. Section 1550(c) of the Vehicle Code, the judicial review provision, provides as follows:

> (c) Proceedings of court.—The court shall set the matter for hearing upon 30 days written notice to the department

and determine whether the petitioner is in fact the person whose operating privilege is subject to the recall, suspension, cancellation, revocation or disqualification.

75 Pa.C.S. § 1550(c).

DOT concedes that the Commonwealth Court has previously held that a driver is entitled to a *de novo* hearing on a statutory appeal from an operating privilege suspension *before* a trial court may dispose of that appeal. *Liebler v. Department of Transportation, Bureau of Traffic Safety,* 83 Pa.Cmwlth. 270, 476 A.2d 1389 (1984); *Department of Transportation, Bureau of Traffic Safety v. Quinlan,* 47 Pa.Cmwlth. 214, 408 A.2d 173 (1979). Thus, it agrees with Licensee that the trial court should have afforded him a hearing prior to disposing of his appeal.

This Court agrees with both parties that the trial court erred in failing to conduct a *de novo* hearing. *Liebler* (*de novo* hearings held pursuant to the mandatory language of Section 1550 cure any due process defect resulting from the lack of administrative hearing prior to license suspension.) Thus, we remand this matter with directions to the trial court to conduct a *de novo* hearing consistent with the requirements of the Vehicle Code. As to whether Licensee should be limited by his statutory appeal as to what he is permitted to raise at the hearing, we refer to our recently published opinion in *Rutkow-*

---

**2.** Pursuant to Pa. R.A.P.1925, the trial court filed an opinion explaining the reasons for its order dismissing Licensee's appeal.

**3.** With regard to the trial court's reliance on Pa. R.A.P. 1513 as requiring a fact-based pleading, Licensee points out that the rule refers to appeals to appellate courts from governmental determinations. DOT similarly notes that Chapter 15 of the Pennsylvania Rules of Appellate Procedure are not applicable to statutory appeals in operating privilege suspensions or revocations taken to the courts of common pleas pursuant to Section 933 of

the Judicial Code, 42 Pa.C.S. § 933, and Section 1550 of the Vehicle Code. *McNeilis v. Department of Transportation,* 119 Pa.Cmwlth. 272, 546 A.2d 1339 (1988).

We agree that the trial court erred in relying upon Pa. R.A.P. 1513 as a basis for its decision to dismiss Licensee's appeal. In addition, we note that the Pennsylvania Rules of Civil Procedure do not apply to statutory appeals such as the one before us. *Department of Transportation, Bureau of Driver Licensing v. Rapp,* 139 Pa.Cmwlth. 144, 589 A.2d 805 (1991).

*ski v. Department of Transportation, Bureau of Driver Licensing,* 780 A.2d 860 (Pa.Cmwlth.2001).

### ORDER

AND NOW, this 9th day of August, 2001, the December 20, 2000 order of the Court of Common Pleas of Chester County is hereby reversed and this matter is remanded to the trial court to conduct a *de novo* hearing in accordance with Section 1550 of the Vehicle Code, 75 Pa.C.S. § 1550.

Jurisdiction relinquished.