# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Grady Walker III                                   :
                                                   :
                                                   :
                    v.                             :   No. 771 C.D. 2018
                                                   :   Argued: April 9, 2019
Commonwealth of Pennsylvania,                      :
Department of Transportation,                      :
Bureau of Motor Vehicles,                          :
                    Appellant                      :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE ANNE E. COVEY, Judge (P)
            HONORABLE MICHAEL H. WOJCIK, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER                    FILED: April 30, 2019


The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles (Department) appeals from an Order of the Court of Common Pleas of Dauphin County (trial court) sustaining Grady Walker III's (Licensee) appeal and rescinding the two-year suspension on Licensee's Official Emission Inspector License. The trial court sustained Licensee's appeal on the basis that the Department's Order of Suspension was insufficient and deprived Licensee of due process. The Department presents two issues on appeal: (1) whether the trial court erred as a matter of law in sustaining Licensee's appeal on the basis that the Order of Suspension did not satisfy due process; and (2) whether the Department satisfied

its prima facie burden of proof to support the violations forming the basis for the Order of Suspension.[1]  Upon review, we affirm.

## I. Facts

### a. Suspension

The Department notified Licensee in 2016 that a report from the Quality Assurance Officer showed violations in Licensee's emission inspection of a Toyota Corolla.  The notice explained that the violations in question related to Licensee's record keeping, as well as his furnishing, lending, giving, selling, or receiving an emission inspection sticker for the vehicle without inspection.[2]  (Reproduced Record (R.R.) at 57a.)  The Department also notified Licensee that an informal Department hearing was scheduled for December 20, 2016, before the Pennsylvania Safety and Emissions Team for Licensee to present testimony pertinent to these violations.  (*Id.* at 58a.)  Although Licensee's counsel and the trial court briefly noted that the Department hearing was held, there is no record of it before this Court.  (*Id.* at 68a, 110a.)

The Department issued its Order of Suspension on January 31, 2017.  The Order of Suspension provided:

> You are hereby notified that your certification as an Official Emission Inspector is suspended, pursuant to Section 4726 of the Vehicle Code[, 75 Pa. C.S. § 4726[3]].  No vehicle emission inspections may be

---

[1] The Department's arguments have been reordered for ease of discussion.

[2] The language that appears in this notice is almost identical to that at issue in the Order of Suspension.

[3] Section 4726 of the Vehicle Code provides in relevant part that:

> [t]he [D]epartment shall supervise mechanics certified under this section and may suspend the certification issued to a mechanic . . . if it finds that the mechanic has

**(Footnote continued on next page…)**

2

performed during the suspension. Pursuant to Departmental regulations, your certification as an Official Emissions Inspector is suspended for one (1) year for furnish[ing], lend[ing], giv[ing], sell[ing] or receiv[ing] a certificate of inspection without inspection, and one (1) year for fraudulent record keeping (2012 Toyota Corolla VIN: 2T1BU4EE0CC831095, sticker issued IM6-5355744, to the vehicle, by [Licensee], Operator #23-748-450).

(*Id.* at 55a.) Licensee appealed to the trial court, which issued a supersedeas order staying the suspension pending final disposition of the appeal. (*Id.* at 21a.)

### b. Trial court hearing

After various continuances, the trial court held a hearing on Licensee's appeal on September 21, 2017. Preliminarily, Licensee argued that the Order of Suspension did not provide adequate notice for due process purposes because it did not set forth "a factual summary of the basis for suspension." (Hr'g Tr. at 10.) The trial court deferred ruling on the due process issue until after the hearing. The Department offered into evidence the certified record of the Department, to which Licensee objected on the basis that one of the documents in the record, an emission station audit report, contained hearsay. The trial court conditionally admitted the certified record subject to verification of the hearsay at issue, but because the testimony did not pertain to that document, the trial court never ruled upon the objection.

---

**(continued…)**

improperly conducted inspections or has violated or failed to comply with any of the provisions of this chapter or regulations adopted by the [D]epartment.

75 Pa. C.S. § 4726.

3

The Department presented the testimony of William Moyer (Moyer), who is the regional manager for quality assurance officers with Parsons, a company subcontracted by the Department for auditing emission and safety inspections. (*Id.* at 13-14.) Moyer testified as follows about Licensee's violations based upon a spreadsheet that Moyer provided to the Department with information about inspections conducted by Licensee for the vehicle in question. (*Id.* at 16-17; Ex. C-1(7), R.R. at 63a-65a.) Moyer explained that the inspections were linked to Licensee, as inspectors were required to input their license numbers and passwords into emission analyzers before beginning inspection. (Hr'g Tr. at 18-19, 21.) The information in the report was stored in the vehicle identification information database and reviewed monthly for irregularities. (*Id.* at 20.) The report showed that on May 23, 2016, the Toyota Corolla that Licensee inspected had a mileage of 82,867,[4] a figure which Licensee was required to manually enter. (*Id.* at 25-26; Ex. C-1(7), R.R. at 63a-64a.) The vehicle subsequently failed the emission test. (Hr'g Tr. at 25.) The report also showed an inspection for the same vehicle 10 days later, on June 3, 2016, and Licensee entered the mileage of 88,502 at that time. (*Id.* at 26, 29, 31.) Licensee then gave the vehicle an emission inspection sticker on the basis that the vehicle fell within the 5000-mile exemption, which provides that a vehicle driven less than 5000 miles in 12 months and owned by the same individual for over a year may be provided an exemption emission inspection sticker. (*Id.* at 26-27.) Inspectors can verify that the vehicle has been driven less than 5000 miles by referencing the inspection sticker, the inspection report from

_____

[4] The mileage reported in the May 2016 inspection was over 5000 miles from the last inspection on the Toyota Corolla in March 2015, at which time the vehicle's mileage was 59,681. (R.R. at 64a.)

the previous year, or through the inspection station's emission analyzer. (*Id.* at 27-28.) However, the emission analyzer does not automatically recognize or alert the inspector if the current mileage the inspector enters is over 5000 miles from the last inspection. (*Id.* at 38-40.) While a typical emission inspection requires the inspector to perform tests on the vehicle with the emission analyzer to confirm that the vehicle passes, such tests are not required when a 5000-mile exemption is provided. (*Id.* at 32-34.) Instead, when the inspector enters the 5000-mile exemption menu on the emission analyzer, the inspector enters the vehicle information, including VIN number, sticker number, and mileage for the car, the inspection is finalized, and the sticker issuance report for the exemption is printed. (*Id.* at 35-36.) At the conclusion of Moyer's testimony, Licensee did not present any evidence, and the trial court allowed submission of post-hearing memorandums, which both parties submitted.

### c. Trial Court decision

The trial court issued its Order on May 7, 2018, sustaining the appeal and rescinding the license suspension on the basis that the Order of Suspension did not satisfy due process. The Department appealed and, upon order of the trial court, filed a statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(b), arguing that it satisfied its prima facie burden of proof to support the suspension and the Order of Suspension complied with due process requirements.

In its opinion issued pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(a), (Rule 1925(a) Op.), the trial court relied upon this Court's decision in *Dunn v. Department of Transportation, Bureau of*

*Driver Licensing*, 819 A.2d 189 (Pa. Cmwlth. 2003), and the trial court's own decision in *Santiago v. Department of Transportation, Bureau of Motor Vehicles*, (Dauphin County, No. 2006 CV 713 LS, filed December 27, 2006),[5] in finding that the Order of Suspension provided inadequate notice to allow Licensee to prepare a defense; thus it violated due process. Although the Order of Suspension identified the vehicle and the relevant inspection sticker, the trial court found that this information informed Licensee only that his inspection of and recordkeeping for the Toyota Corolla was allegedly improper. Because the Order of Suspension did not further explain Licensee's conduct, the trial court concluded Licensee "could only speculate as to how his inspection of the subject vehicle amounted to the alleged violations, and, therefore, he was presented with a virtually impossible burden of defense. . . ." (Rule 1925(a) Op. at 6-7.) While the hearing before the trial court made evident that the conduct in question was Licensee's issuance of the 5000-mile exemption sticker, the trial court reasoned that this did not cure any defect in notice from the Order of Suspension **prior** to the trial court hearing. Because the Order of Suspension, on its face, did not provide adequate notice of the charges against which Licensee must defend, the trial court concluded that its Order should be affirmed.

---

[5] A copy of *Santiago* is found in the reproduced record at pages 119a-27a. The licensee in *Santiago* was appealing a Department order suspending his license to perform emission testing. Relying upon this Court's decision in *Dunn*, the trial court found that the suspension order did not satisfy due process because it did not provide information about the relevant dates, vehicles, or factual basis underlying the alleged violations, which would allow the licensee to prepare an adequate defense.

## II. Discussion

### a. Due Process

On appeal,[6] the Department argues that the Order of Suspension provided sufficient information to pass constitutional muster, as it identified the vehicle's make, model, and VIN number, and the emission inspection sticker issued. With this information, the Department contends, Licensee could have reviewed the emission inspection station records in order to prepare a defense against the alleged violations. The Department asserts that Licensee also had the opportunity for an informal Department hearing, which would have sufficed to provide Licensee information as to the specific nature of the violations. In any event, Department contends the de novo hearing before the trial court cured any deficiency in the Order of Suspension. Finally, citing to *Phillips v. Department of Transportation, Bureau of Driver Licensing*, 80 A.3d 561 (Pa. Cmwlth. 2013), the Department argues that even if the notice in the Order of Suspension was insufficient, the trial court erred in sustaining the appeal on this basis because Licensee did not make a showing of prejudice suffered as a result of the insufficient notice in the Order of Suspension. The Department asserts that Licensee's counsel was able to defend Licensee in the trial court hearing, as he objected to documents in the trial court record and made a due process argument regarding the Order of Suspension. Therefore, the Department contends, there is no indication that Licensee was prejudiced and unable to prepare a defense.

---

[6] In an inspection certificate suspension case, our review "is limited to determining whether the trial court committed an error of law or whether the trial court's findings are supported by substantial evidence." *McCarthy v. Dep't of Transp.*, 7 A.3d 346, 350 (Pa. Cmwlth. 2010).

Licensee argues that the Order of Suspension is "fatally defective" because it does not comply with due process requirements. (Licensee's Brief (Br.) at 2.) Licensee contends that Pennsylvania Rule of Criminal Procedure 403, Pa.R.Crim.P. 403,[7] governing the content of citations, provides a guideline for what would constitute sufficient notice in this case, including the date, time, and location of the conduct, the specific section and subsection of the regulation violated, and a summary of facts sufficient to inform the licensee of the nature of the conduct forming the basis for the violation. Licensee disagrees that it was his obligation to further investigate the conduct in question by searching the records at his place of employment using the sticker number provided in the Order of Suspension, particularly since he was no longer employed at the garage by the time the Department issued the Order of Suspension and he did not have access to the database. Relying upon the trial court's decision in *Santiago*, Licensee asserts that the Order of Suspension lacked sufficient factual detail of the alleged violations. (*Id.* at 4.) Licensee contends that this Court's decision in *Phillips* is distinguishable from the present case, as the notice provided in *Phillips* provided information as to the date and location of the conduct, as well as a statement of the conduct underlying the suspension. Licensee disagrees with the Department's contention that the Order of Suspension was sufficient simply because Licensee presented a defense at the de novo hearing. Because the Order of Suspension did not provide more detail, Licensee argues that he had to speculate as to the basis for

---

[7] Pennsylvania Rule of Criminal Procedure 403 sets forth what information must appear in a citation, which includes the date, time, and location of the alleged offense, a citation to the subsection allegedly violated, and "a summary of the facts sufficient to advise the defendant of the nature of the offense charged." Pa.R.Crim.P. 403.

8

the suspension and "[w]hile a defense was presented, it was certainly compromised due to the lack of notice." (*Id*. at 7.)

As this Court has acknowledged, while procedural due process requires adequate notice of any charges and an opportunity to be heard, due process has no "fixed meaning," and can depend upon the circumstances of each individual case. *Dunn*, 819 A.2d at 192. There is "no particular form of notice or procedure" required to satisfy due process; rather, the requirements are "flexible and non-technical." *Harrington v. Dep't of Transp., Bureau of Driver Licensing*, 763 A.2d 386, 391-92 (Pa. 2000). In the context of a license suspension, "due process is afforded when the accused is informed with reasonable certainty of the charges . . . so that he or she may prepare an adequate defense." *Dunn*, 819 A.2d at 192. Therefore, at the very least, the notice must have "a sufficient **listing and explanation** of the charges against an individual." *Id.* at 193 (emphasis added). The list of these charges should be provided to the licensee with adequate time to allow the licensee "to prepare a defense as to all issues raised by the state." *Snyder v. Dep't of Transp., Bureau of Motor Vehicles*, 977 A.2d 55, 57 (Pa. Cmwlth. 2009). In addition, when a party asserts denial of due process, "**demonstrable prejudice** to the accused is a key factor." *State Dental Council & Examining Bd. v. Pollock*, 318 A.2d 910, 916 (Pa. 1974) (emphasis added); *see also Moore v. Dep't of Transp., Bureau of Motor Vehicles*, 19 A.3d 1200, 1204 (Pa. Cmwlth. 2011).

This Court reviewed a license suspension notice for compliance with procedural due process in *Dunn*, where the Department suspended a licensee's operating privileges for multiple violations of The Controlled Substance, Drug,

9

Device and Cosmetic Act (Drug Act).[8] 819 A.2d at 190. A court of common pleas sustained the licensee's appeal of the suspension, and this Court affirmed, holding that the Department violated the licensee's due process rights with its notice. *Id.* at 194. Specifically, the Department sent the licensee 11 different suspension notices in 2001, which cited the licensee's Drug Act violations from 1993. In addition to being sent approximately eight years after the conviction, the notices also incorrectly reported the licensee's dates of violations and convictions. *Id.* at 191. This Court concluded that the errors in the suspension notices rendered them "wholly inadequate to satisfy the foregoing due process requirements." *Id.* at 193. The Court was not persuaded by the Department's contention that the licensee could have undertaken the responsibility to discover the correct information himself because "[t]he test for adequacy of notice . . . is not whether the licensee can correct the information contained in defective notices through diligent investigation, but rather whether the notices contain sufficient information and explanation to allow the licensee to defend against the charges contained therein." *Id.* Accordingly, we agreed with the trial court that the licensee's appeal should be sustained. *Id.* at 194.

In contrast, this Court determined that a Department notice did provide adequate notice to satisfy due process in *Phillips*. There, the Department suspended a licensee's operating privileges following his conviction in New Jersey for driving while intoxicated. *Phillips*, 80 A.3d at 564. The notice of suspension the Department sent to the licensee indicated that the suspension was for the licensee's conviction in New Jersey, which was considered similar to a violation of

---

[8] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780-101–780-144.

10

Section 3802(a)(**2**) of the Vehicle Code, 75 Pa. C.S. § 3802(a)(2).[9] In a de novo hearing before a common pleas court, the licensee challenged the suspension notice, arguing that it violated due process because it should have stated that his conviction was for a violation similar to Section 3802(a)(**1**) of the Vehicle Code, 75 Pa. C.S. § 3802(a)(1).[10] *Phillips*, 80 A.3d at 565. The common pleas court disagreed and denied the appeal. This Court also determined that the notice adequately informed the licensee of the basis for his suspension by providing "sufficient information" to determine "what conduct instigated the proceeding and what statutory authority permitted the Department to take that action," despite the citation to subsection (a)(2) instead of subsection (a)(1). *Id.* at 569. Moreover, we held the licensee was "fully aware of the factual and legal predicate for his suspension, including the supposed defect in the [n]otice, prior to the de novo hearing"; thus Licensee was not misled by the notice such that any prejudice resulted. *Id.* Because the "[l]icensee was fully informed of the facts and able to mount a vigorous defense" before the common pleas court, we held there was no due process violation. *Id.*

Thus, we must decide whether the Order of Suspension Licensee received included sufficient information and explanation to determine what conduct instigated the suspension process, and the statutory authority permitting the

---

[9] This determination was made based upon how the offense was defined in the American Association of Motor Vehicle Administrators Code Dictionary for purposes of interpreting and applying the interstate Driver's License Compact, 75 Pa. C.S. §§ 1581-1586. *Phillips*, 80 A.3d at 564.

[10] Section 3802(a)(2) prohibits an individual from operating a vehicle when the individual's blood alcohol concentration is between 0.08% and 0.10%, whereas Section 3801(a)(1) prohibits an individual from operating a vehicle after consuming a sufficient amount of alcohol to render the individual incapable of safely driving. 75 Pa. C.S. § 3802(a)(1), (2).

Department to take the action, to allow Licensee to defend against the charges without having to diligently investigate. *Phillips*, 80 A.3d at 569, *Dunn*, 819 A.2d at 193. In this case, the Order of Suspension, on its face, does not satisfy due process requirements. The Order of Suspension reads:

> You are hereby notified that your certification as an Official Emission Inspector is suspended, pursuant to Section 4726 of the Vehicle Code. No vehicle emission inspections may be performed during the suspension. Pursuant to Departmental regulations, your certification as an Official Emissions Inspector is suspended for one (1) year for furnish[ing], lend[ing], giv[ing], sell[ing] or receiv[ing] a certificate of inspection without inspection, and one (1) year for fraudulent record keeping (2012 Toyota Corolla VIN: 2T1BU4EE0CC831095, sticker issued IM6-5355744, to the vehicle, by [Licensee], Operator #23-748-450).

(R.R. at 55a.) From this alone, Licensee was on notice that his actions in question related to a certificate of inspection he issued and fraudulent record keeping for the vehicle in question. The Order of Suspension does not provide a date or place where these purported actions occurred; nor does it include a citation to a specific statutory or regulatory provision prohibiting the conduct in question. It remains unclear whether the first charge for the certificate of inspection is in connection with the same vehicle listed in the second charge related to the fraudulent record keeping. Importantly, there is no notice that Licensee's conduct relates to providing a 5000-mile exemption sticker where it was not warranted. Unlike the notice provided in *Phillips*, the Order of Suspension does not indicate "what conduct instigated the proceeding and what statutory authority permitted the Department to take that action." 80 A.3d at 569. Further, as this Court noted in *Dunn*, it is insufficient for the Department to assert that Licensee could have assumed the responsibility of discovering these details by independent

12

investigation into his records, particularly where Licensee no longer had access to those records. Rather, the Order of Suspension itself must "contain sufficient information and explanation to allow the licensee to defend against the charges contained therein." *Dunn*, 819 A.2d at 193. On the whole, the Order of Suspension does not do so and, therefore, does not comply with due process requirements.

### b. Prejudice

Our inquiry does not end here. Licensee was also required to show that the lack of proper notice in the Order of Suspension prejudiced him. *Pollock*, 318 A.2d at 916; *see also Dep't of Transp., Bureau of Traffic Safety v. Fisher*, 423 A.2d 1093, 1094 (Pa. Cmwlth. 1980). The Department argues that Licensee cannot show prejudice because the de novo hearing by the trial court cured any defect in the Order of Suspension and, further, Licensee presented a defense at the hearing, including argument and cross-examination. Licensee disagrees, arguing that he had to speculate as to the factual basis for the suspension and his defense was compromised due to the lack of notice, as his preparation for the trial court hearing was merely an educated guess as to what conduct he would have to defend against.

The Department cites to various cases from this Court for the proposition that a de novo hearing can cure a notice defect. (Department's Br. at 21 (citing *O'Donnell v. Dep't of Transp., Bureau of Driver Licensing*, 781 A.2d 1287 (Pa. Cmwlth. 2001); *Dep't of Transp., Bureau of Motor Vehicles v. Tutt*, 576 A.2d 1186 (Pa. Cmwlth. 1990); *Dep't of Transp., Bureau of Traffic Safety v. Quinlan*, 408 A.2d 173 (Pa. Cmwlth. 1979)).) However, these cases are inapposite and stand for

13

the proposition that a de novo hearing before a trial court can cure **administrative hearing** deficiencies, not notice deficiencies. In *Quinlan*, this Court stated that a "[d]e novo hearing . . . cures any procedural due process defect resulting from the lack of an administrative hearing." 408 A.2d at 175. Again, in *O'Donnell*, this Court reiterated that point and remanded for the trial court to conduct a de novo hearing. 781 A.2d at 1289. In *Tutt*, this Court acknowledged that a de novo hearing may have cured any due process violation from an administrative hearing, but only after concluding that the licensee was adequately informed of the Department's charges against him and there was no due process violation. 576 A.2d at 1189. The issue before us is not one arising from an alleged procedural due process violation in an administrative hearing. Instead, we must determine whether the notice provided to Licensee in the Order of Suspension violated his due process. Because notice is intended to provide a licensee with adequate information in order to prepare a defense **before** the hearing at which he must defend against the charges, *see Snyder*, 977 A.2d at 57, a subsequent de novo hearing does not cure a notice, such as this, which is defective on its face.

As for the Department's contention that Licensee's participation in the de novo hearing indicates that he was able to prepare a defense and, therefore, he was not prejudiced, we also disagree. We find Licensee's case to be distinguishable from those where licensees who were clearly aware of the basis for the Department's action nonetheless argued insufficient notice. For example, in *Department of Transportation, Bureau of Driver Licensing v. Sutton*, the licensee appealed to a common pleas court from a suspension of operating privileges for refusing to submit to a chemical test. 660 A.2d 46, 46 (Pa. 1995). The licensee argued to common pleas that the notice of suspension deprived him of due process

14

because it listed the date of the violation as February 4, 1993, rather than February 3, 1993. The court of common pleas sustained the appeal, finding that the Department did not seek to amend the notice or provide testimony that the notice was in error and did not prove that a violation occurred on the date set forth in the notice. *Id.* at 47. This Court affirmed, concluding that the Department did not prove that licensee committed a violation on the date in the notice, reasoning that the notice of suspension serves the function of a pleading and puts at issue the date of the alleged violation. *Id.* at 48. The Department appealed, arguing that the notice of suspension provided sufficient information to allow the licensee to prepare a defense, even if the date provided was incorrect. The Supreme Court agreed, finding that the notice did not mislead the licensee or prevent the licensee from preparing a proper defense. *Id.* at 48-49. Because the licensee was "well aware and prepared to defend against the test refusal on which the suspension was based," the Supreme Court determined there was no due process violation. *Id.* at 49. The Supreme Court reasoned this way again in *Harrington*, when a licensee contended that the Department's notice of suspension violated due process because it did not comply with technicalities of the Interstate License Compact. 763 A.2d at 391. The licensee argued that because some information relating to his conviction in another state was omitted on the notice he received from the Department, he was unable to prepare an adequate defense. *Id.* The Supreme Court disagreed. After explaining that the notice of suspension detailed the action being taken, the date of the conviction, the date of the offense, the equivalent statutory section for the offense under Pennsylvania law, and the statutory authority for the Department's action, the Court determined that this information "was clearly sufficient" for the licensee to prepare a defense. *Id.* at 392. Further,

15

the Court reasoned that "[o]ther than by overt generalization, [the licensee] fails to indicate why formal notice of the details with which he was already intimately familiar was essential to the understanding and preparation of his defense." *Id.*

Unlike the licensees in *Sutton* and *Harrington*, there is no indication from the record here that Licensee was familiar with the basis for the suspension such that his challenge of the Order of Suspension can be construed as an attempt to be "deliberately obtuse as to the nature of a proceeding." *Harrington*, 763 A.2d at 393 (quoting *Dep't of Transp. v. McCafferty*, 758 A.2d 1150, 1163 (Pa. 2000)). In the absence of any admissible evidence before the trial court that Licensee was familiar with the factual circumstances underlying his suspension, all that remains is an Order of Suspension that alone is insufficient to satisfy due process. Furthermore, to the extent that the Department contends there was no prejudice because Licensee presented a defense at the trial, we note that Licensee did not present any witnesses and asked only six questions of the Department's witness on cross-examination which is not the "spirited defense" and "extensive[] cross-exam[ination]," the Department contends. (Department's Br. at 23.) Therefore, the trial court did not err in finding the Order of Suspension violated Licensee's procedural due process rights.[11]

---

[11] Because we conclude that the Order of Suspension provided by the Department was constitutionally invalid and prejudiced Licensee, we need not determine whether the Department satisfied its prima facie burden of proof to show Licensee's violations.

16

## III.    Conclusion

The Order of Suspension did not provide Licensee with adequate notice to satisfy due process, which prejudiced Licensee in the proceedings.  Accordingly, we affirm.


_____
**RENÉE COHN JUBELIRER,** Judge

17

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Grady Walker III                 :
                                       :
                                       :

              v.                 :   No. 771 C.D. 2018
                                       :

Commonwealth of Pennsylvania,   :
Department of Transportation,     :
Bureau of Motor Vehicles,        :
                Appellant    :

## O R D E R

**NOW**, April 30, 2019, the May 7, 2018 Order of the Court of Common Pleas of Dauphin County, entered in the above-captioned matter, is **AFFIRMED**.

 

 

                               _____

                                **RENÉE COHN JUBELIRER,** Judge