768 A.2d 1106

Ryan T. CROOKS, Appellee

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Supreme Court of Pennsylvania.

Submitted Aug. 31, 2000.

Decided April 11, 2001.

Harold H. Cramer, Andrew S. Gordon, Timothy P. Wile, Harrisburg, James M. Sheehan, Media, for appellant.

Dawson R. Muth, West Chester, Charles G. Nistico, Media, for Ryan T. Crooks.

Before FLAHERTY, C.J., ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ

### OPINION

FLAHERTY, Chief Justice.

This is a direct appeal by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, from the order of the Court of Common Pleas of Chester County, sustaining the statutory appeal of Crooks from a one-year suspension of his driver's license. The suspension was imposed pursuant to 75 Pa.C.S. §§ 1532(b)(3) and 1581, Article IV(a)(2). Under Section 1532(b)(3) the bureau is required to suspend for one year the driver's license of any person who is reported by another state as having been convicted of the equivalent of Pennsylvania's drunk driving statute, 75 Pa.C.S. § 3731(a). Section 1581, Article IV(a)(2) of the Driver License Compact provides:

(a) The licensing authority in the home state [Pennsylvania], for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for:

(2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle.

On September 12, 1999 Crooks was arrested in Cape May, New Jersey and charged with violating N.J.S.A. § 39:4–50(a), relating to driving under the influence of liquor or drugs. On November 15, 1999 Crooks was found guilty of DUI in Avalon Municipal Court. New Jersey is a party state to the Driver License Compact. In conformity with its obligations under the compact, New Jersey Division of Motor Vehicles reported Crooks' conviction to the Pennsylvania Bureau of Driver Licensing. The Pennsylvania bureau treated Crooks' conviction as if he had been convicted of violating Pennsylvania's drunk driving statute, 75 Pa.C.S. § 3731(a). On December 29, 1999 the bureau mailed Crooks a notice that it was treating his New Jersey DUI conviction as the equivalent of a conviction for violating 75 Pa.C.S. § 3731(a), and as mandated by 75 Pa.C.S. § 1532(b)(3) it was suspending his driver's license for one year.

On January 26, 2000 Crooks filed a statutory appeal from the one-year suspension with the Court of Common Pleas of Chester County. Included in the documents admitted into evidence by the bureau was the bureau's certification of its receipt by electronic transmission of a report from the New Jersey Division of Motor Vehicles showing that Crooks was convicted of DUI in New Jersey on November 15, 1999. Crooks did not challenge the accuracy of the certified documents submitted into evidence by the bureau, but he contended that the New Jersey report of his DUI conviction was insufficient to support the suspension of his license.

The court sustained Crooks' statutory appeal, holding that New Jersey's report of Crooks' DUI conviction was insufficient in that it did not contain information which would allow the court to determine if the New Jersey offense was substantially similar to 75 Pa.C.S. § 3731(a). The court also held that the New Jersey report failed to comply with the requirements of Article III of the Driver License Compact since it did not contain information regarding Crooks' plea to the New Jersey charge. Finally, the court held that the 1998 amendment to the Driver's License Compact, 75 Pa.C.S. § 1584, was unconstitutional as violative of due process.

The information which is required by Article III of the Driver License Compact when reports are made from one state to another is as follows:

## Article III

### Reports of Conviction

The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted, describe the violation specifying the section of the statute, code or ordinance violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was entered or the conviction was a result of the forfeiture of bail, bond or other security and shall include any special findings made in connection therewith.

What is missing in the New Jersey notice in this case is the plea Crooks entered in the New Jersey case and whether his conviction resulted from a guilty plea or an unremitted forfeiture of bond or other security.[1]

1. Crooks contends that also missing is the identity of the court in which he was convicted, since only an alphanumeric code identifies that court. The claim is without merit, for this court has recently held that such codes constitute sufficient identification of the court. *Harrington v. Commonwealth Dept. of Transp.*, 563 Pa. 565, 763 A.2d 386.

The amended Section 1584, which the lower court found unconstitutional, provides:

## § 1584. Furnishing of Information to Other States

The Department of Transportation of the Commonwealth shall furnish to the appropriate authorities of any other party state any information or documents reasonably necessary to facilitate the administration of Articles III, IV, and V of the Compact. *The omission from any report received by the Department from a party state of any information required by Article III of the Compact shall not excuse or prevent the Department from complying with its duties under Articles IV and V of the Compact.*

Emphasis added. Commonwealth Court granted the bureau's motion to transfer its appeal of the trial court's order to this court, and this court noted probable jurisdiction. The appeal comes to us by way of 42 Pa. § 722(7), granting this court exclusive jurisdiction in cases where, inter alia, courts of common pleas have held statutes unconstitutional.

The Commonwealth raises two issues in this appeal. The first is whether the trial court erred in holding that Section 1584 is unconstitutional and the second is whether New Jersey's report contained sufficient information to allow the bureau to carry out its duties under the driver's license compact.

█ Recently in *Harrington v. Commonwealth Dept. of Transp.*, 563 Pa. 565, 763 A.2d 386, 392, this court held that Section 1584 was not violative of due process notice requirements so long as the notice received by the person whose license is being suspended is "sufficient notice of the conduct that forms the basis for a deprivation so that the respondent may adequately prepare a defense," citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). In the present case the report from New Jersey identifies Crooks by name, Pennsylvania driver's license number, date of birth, sex, and eye color. The report also describes Crooks' New Jersey offense by date of offense, September 12, 1999, statute violated, N.J.S.A. § 39:4–50(a), date of conviction, November 15, 1999, and a description of the

offense, "operate under influence liq/drugs." Missing from the New Jersey report is information as to what plea Crooks entered to the New Jersey DUI charge and whether his conviction resulted from a guilty plea or an unremitted forfeiture of bond or other security. Although the missing information is required under Article III of the compact, Crooks was supplied with enough information to understand the pendency of the proceedings and was afforded an opportunity to present a defense, *Mullane.* That is all that is minimally required to satisfy due process. See *Commonwealth Dept. of Transportation v. McCafferty*, 563 Pa. 146, 758 A.2d 1155 (2000); *Harrington v. Commonwealth Dept. of Transportation*, supra.

Remaining at issue in this case is whether the notice of violation sent by New Jersey is sufficiently clear to permit the bureau to carry out its duties under the compact. Since the New Jersey drunk driving statute contains a subsection allowing for a conviction if a person permits another to operate a motor vehicle while drunk, but Pennsylvania's statute does not have a similar provision, and the New Jersey notice of offense does not notify Pennsylvania of what subsection was violated, the lower court was correct that it could not determine whether the offenses were substantially similar.

■ However, the analysis does not end there, for the deficiency in the New Jersey notice may or may not be of legal significance. In *Commonwealth v. McCafferty*, PennDot notified drivers that their licenses were suspended because of a violation of Section 3731 of the Motor Vehicle Code instead of because they violated an out-of-state ordinance substantially similar to Section 3731. In that case we stated:

> While it may have been preferable for PennDot to certify at trial documents that cited the specific out-of-state statute under which appellees were originally convicted, PennDot's failure to do so in this matter did not deprive appellees of their constitutional right to procedural due process because it did not deprive them of notice or a meaningful opportunity to be heard. Appellees do not dispute that they were convicted of the out-of-state DUI offenses, nor do they

assert that they lacked notice of the actual convictions that led to the suspension proceedings or that they were denied notice of the nature of the suspension proceeding itself. The due process clause does not create a right to be deliberately obtuse as to the nature of a proceeding. Appellees here knew exactly what was happening to them and why.

758 A.2d at 1163. The facts in the present case are similar to those in *McCafferty*. In both cases there was deficient notice of the foreign statutes on which the license suspensions were based. But in this case, as in *McCafferty*, appellee does not allege that he lacked notice of the actual conviction that led to the suspension hearing, or that he did not know of the nature of the suspension proceeding, or that he had no meaningful opportunity to be heard. Because we have held that Section 1584 does not violate due process, and that section provides that the omission from foreign state reports of any information required by Article III shall not prevent the department from complying with its duties under the compact, the real question in any case of this type is whether the notice appellee received was consistent with due process. Since appellee does not claim that he did not know of the nature of the proceeding or that he had no meaningful opportunity to be heard or that he lacked notice of the actual conviction underlying this proceeding, there is no due process violation and the suspension should have been upheld. Appellant in this case, as in the *McCafferty* case, is essentially asserting a due process right to be obtuse.

The order of the Court of Common Pleas of Chester County is reversed and the suspension of appellee's driver's license is reinstated.

Justice CAPPY files a concurring and dissenting opinion in which Justice CASTILLE and Justice NIGRO join.

CAPPY, Justice, concurring and dissenting.

I agree with the majority that the trial court's order rescinding the suspension of appellee's driver's license must be

reversed. I write separately to set forth my rationale for reversal, and to articulate the issues that I believe this case resolves. I disagree, however, with the majority's decision to reinstate the suspension of appellee's driver's license. It would appear that ancillary or undecided issues that fall outside the scope of this court's direct review under 42 Pa.C.S. § 722(7) have been raised. I would, therefore, remand this matter for further proceedings.

My reading of the record reveals that the appellee, Ryan T. Crooks, ("Crooks"), pursued several issues in appealing the suspension of his driver's license by the Appellant, Commonwealth of Pennsylvania Department of Transportation, Bureau of Driver Licensing, ("Bureau"). The issue that served as the basis for the trial court's decision to rescind the suspension was presented as follows: "[Whether] the [Bureau] and the New Jersey [Division] of Motor Vehicles ["Division"] have not complied with the [Driver License Compact as enacted in Pennsylvania, 75 Pa.C.S. §§ 1581 *et seq.* (the "Compact") ] with regard to the notice of defendant's conviction by the [Division] and the subsequent suspension of the defendant's Pennsylvania operating privileges." [1] (R. 6a). It was Crooks' position that the suspension could not stand because the report the Division transmitted to the Bureau did not contain all of the information that Article III of the Compact requires, including the particular subsection of the New Jersey statute he violated. His argument was premised on the assertion that since Article III demands strict compliance, any omission in a report invalidates a suspension. The trial court agreed.

1. As noted, Crooks pursued additional grounds in his appeal. First, Crooks argued that the suspension was improper because the notice he received from the Bureau advised him that the offense he committed in New Jersey was "equivalent", not "substantially similar" to 75 Pa.C.S. § 3731. (R. 6a). The trial court disagreed, concluding that the Bureau subjected itself to "a more strict standard than is required by the Compact" by using the word "equivalent". Second, Crooks asserted that his conviction in New Jersey contained a civil reservation which pursuant to New Jersey Rule 3:9–2 prohibits the use of the judgment of conviction in any civil case. (R. 7a). Again, the trial court disagreed, finding that the New Jersey Rule Crooks cited does not apply to administrative proceedings.

In its opinion, the trial court also stated that the 1998 amendment to 75 Pa.C.S. § 1584, which the Bureau asserted ameliorated or relaxed Articles III's reporting requirements, violated Article III, as well as principles of due process under the United States and Pennsylvania Constitutions. In doing so, the trial court relied on *Commonwealth, Dep't. of Transp. v. Harrington*, 42 Pa. D. & C. 4th 153 (C.P. Chester 1999), in which the notice sent to the licensee was, except for relevant dates, identical in pertinent part to the notice that Crooks received.

Recently, this court held otherwise on both of these issues. In *Commonwealth, Dep't. of Transp. v. McCafferty*, 563 Pa. 146, 758 A.2d 1155, 1164–65 (2000), we determined that the Bureau is not necessarily prevented from fulfilling its duties under the Compact and a suspension is not invalidated by the mere fact that a report from a party state does not include the items listed in Article III. In *Harrington v. Commonwealth, Dep't. of Transp.*, 563 Pa. 565, 763 A.2d 386 (2000), we determined that the court of common pleas erred in declaring § 1584 contrary to Article III and violative of due process. In light of these holdings, I agree with the majority that Crooks' appeal fails.

My difficulty with the majority's analysis is two-fold. First, as I read it, the majority's analysis construes and decides the issue that Crooks raised with respect to the New Jersey report upon which the Bureau acted as one that involves notice to Crooks and the constitutional issue of due process. Although we rejected the licensees' assertion in *McCafferty* that the Bureau's certified records deprived them of the right to procedural due process, 758 A.2d at 1163, Crooks did not make that argument here. As I have explained, I am of the view that the issue Crooks raised, and one which *McCafferty* settled, was whether Article III mandates strict compliance in the reports the Bureau receives from party states, and not one of notice.

Second, the majority opinion may be interpreted as resolving issues that I do not believe are properly before us, and ones that I do not believe either *McCafferty* or *Harrington*

controls. The majority notes that the trial court observed in its opinion that the omission in the New Jersey report of the statutory subsection that Crooks violated prevented it from "determin[ing] whether or not the violation was 'of a substantially similar nature' to our statute 75 Pa.C.S.A. § 3731", and meant that the Bureau did not meet its "burden of proof." (R. 55a–56a). The majority then concludes that the omission to which the trial court referred does not have "legal significance" under the due process principles that *McCafferty* and *Harrington* discussed.

I, by contrast, would give the trial court's statements in this regard no part in the present proceedings. The predicate for invocation of this court's direct review pursuant to 42 Pa.C.S. § 722(b)(7), which provides the jurisdictional basis for this appeal, is a declaration by the court of common pleas that a statute is unconstitutional. In my view, the issue or issues to which the trial court was alluding lie outside the scope of § 722(b)(7). That is to say, whether as the Compact requires, the New Jersey statute under which Crooks was convicted is "of a substantially similar nature" to Article IV(a)(2), *see Petrovick v. Commonwealth*, 559 Pa. 614, 741 A.2d 1264, 1266 (1999), or whether the Bureau failed to meet its "burden of proof", were unrelated to the trial court's declaration that 75 Pa.C.S. § 1584 violates due process. In *Harrington*, we decided that in the interest of sound jurisprudential practice, we will remand to the court of common pleas, or, where appropriate, transfer to the proper intermediate appellate court, these kinds of ancillary issues. *Harrington*, 763 A.2d at 393. Moreover, it is not evident to me how these issues were raised below.[2] I would, therefore, remand this matter for further

2. The issue of "substantially similar" statutes was touched upon at oral argument. When the trial court was considering what the consequences of a deficient report should be, counsel for the Bureau mentioned "that under the *Scott* case [the] description [on the report of the New Jersey offense that Crooks committed] has been established as being a substantially similar offense to Pennsylvania's with regard to the guilty/not guilty plea. . . ." (R.20a.–21a.) Counsel for Crooks pointed out that *Scott* had no relevance to the argument he was presenting at the moment, which went to the "reporting requirements of the Compact." (R.23a.–24a.). I note that the case to which counsel referred is

development of any ancillary issue that has been properly raised and preserved.

Accordingly, I concur with and join in that portion of the majority's order that reverses the order of the Court of Common Pleas of Chester County, and dissent from that portion of the majority's order that reinstates the suspension of Crooks' driver's license.

Justices CASTILLE and NIGRO joins this concurring and dissenting opinion.

currently pending before this court. *Scott v. Commonwealth, Dep't. of Transp.,* 730 A.2d 539 (Pa.Cmwlth.Ct.1999), *appeal granted,* 2001 WL 12125 (Pa. Jan. 5, 2001).