## Sion v. PennDOT

C.P. of Monroe County, no. 6190 Civil 2001.

*Barbara O'Neill Reinhart,* for petitioner.
*Frank M. O'Neill,* for PennDOT.

O'BRIEN, *J.,* December 3, 2001—

## I. FINDINGS OF FACT

(1) The petitioner is a resident of Monroe County, Pennsylvania, and is a licensed driver in the Commonwealth of Pennsylvania.

(2) On February 8, 2001, the petitioner was convicted of operating a motor vehicle while under the influence of intoxicating liquor by a court of competent jurisdiction in the State of New Jersey.

(3) When the Division of Motor Vehicles of the State of New Jersey notified the Department of Transporta-

tion of the Commonwealth of Pennsylvania of this conviction, the Department of Transportation suspended the petitioner's driving privileges in the State of Pennsylvania for a period of one year commencing April 17, 2001. The petitioner has not filed any appeal from that suspension.

(4) On June 6, 2001, the petitioner was convicted of a violation N.J.S. 39:4-50(a).

(5) On June 22, 2001, the Division of Motor Vehicles of the State of New Jersey sent out an electronic transmission to the Department of Transportation of the Commonwealth of Pennsylvania notifying the department of the petitioner's conviction of that statutory provision. This notification was sent in accordance with the provisions of the "Driver's License Compact."

(6) On July 26, 2001, the Department of Transportation notified the petitioner that his driving privileges in the State of Pennsylvania would be suspended for one year effective April 14, 2002, as a result of his conviction on June 6, 2001, of N.J.S. 39:4-50(a).

## II. DISCUSSION

The Driver's License Compact provides in pertinent part as follows:

"Article III

"Reports of conviction

"The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly

identify the person convicted, describe the violation specifying the section of the statute, code or ordinance violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was entered or the conviction was a result of the forfeiture of bail, bond or other security and shall include any special findings made in connection therewith.

"Article IV

"Effect of conviction

"(a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for: . . .

"(2) driving a motor vehicle while under the influence of intoxicating liquor or narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle." 75 Pa.C.S. §1581.

Although the petitioner did not appeal from the suspension issued for his New Jersey conviction occurring on February 8, 2001, he has appealed from the suspension premised on his New Jersey conviction on June 6, 2001. At our evidentiary hearing, the Commonwealth presented a packet of documents establishing that the petitioner was in fact convicted of a violation of the New Jersey statute on June 6, 2001. However, that statutory provision is broader than the Pennsylvania statute and defines the offending conduct as follows: "a person who operates a motor vehicle while under the influence of

intoxicating liquor, narcotic, hallucinogenic or habit-producing drug, or operates a motor vehicle with a blood alcohol concentration of 0.10 percent or more by weight of alcohol in the defendant's blood *or permits another person who is under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug to operate a motor vehicle owned by him or in his custody or control or permits another to operate a motor vehicle with a blood alcohol concentration of 0.10 percent or more by weight of alcohol in the defendant's blood."* N.J.S. 39:4-50(a).

At our evidentiary hearing, the defendant testified that his New Jersey conviction on June 6, 2001, resulted from his allowing a friend to operate his motorcycle while the friend was under the influence of intoxicating liquor. Indeed, petitioner's exhibit 1, which is the order of the Little Falls Municipal Court in the State of New Jersey, specifically provides as follows: "the defendant has pled guilty to the section of that statute that prohibits the allowing of another to operate a motor vehicle while under the influence, and not for having been the actual operator of the vehicle."

In *Crooks v. PennDOT,* 564 Pa. 436, 768 A.2d 1106 (2001), our Supreme Court upheld a license suspension premised on that portion of the New Jersey statute which prohibits the individual himself from driving a motor vehicle while under the influence of alcohol. The court's conclusion is based on the fact that that portion of the New Jersey statute was substantially similar to the Pennsylvania statute; and, therefore, implicated the provisions of the interstate compact. However, the court specifically acknowledged that the provision of the New Jersey stat-

ute dealing with allowing another to drive under the influence of alcohol was not substantially similar to any Pennsylvania statute. The court observed:

"[t]he *New Jersey* drunk driving statute contains a subsection allowing for a conviction if a person permits another to operate a motor vehicle while drunk, but Pennsylvania's statute does not have a similar provision."

Implicit in the foregoing analysis is that a suspension in Pennsylvania may not be imposed for the section of the New Jersey statute of which this petitioner was convicted on June 6, 2001.

## III. CONCLUSIONS OF LAW

(1) The provision of the New Jersey statute prohibiting a person from allowing another individual to drive their vehicle while under the influence of intoxicating liquor is not substantially similar to any Pennsylvania statute.

(2) All the documentary evidence introduced at our evidentiary hearing fails to establish any basis for a suspension of the petitioner's operating privileges.

## ORDER

And now, December 3, 2001, the order of the Department of Transportation dated July 26, 2001, suspending the driving privileges of William G. Sion for a period of one year effective April 14, 2002, is reversed.