William G. PHILLIPS, Appellant

v.

COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted Aug. 2, 2013.

Decided Nov. 21, 2013.

**564**

Walter D. Campbell, Levittown, for appellant.

Terrance M. Edwards, Assistant Counsel, Harrisburg, for appellee.

BEFORE: LEADBETTER, Judge, BROBSON, Judge, and COLINS, Senior Judge.

OPINION BY Senior Judge COLINS.

William G. Phillips (Licensee) appeals from an order of the Court of Common Pleas of Bucks County (Trial Court) denying his appeal from a one-year suspension of his driver's license imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Department) as a result of a conviction for driving while intoxicated (DWI) in New Jersey. We affirm.

On July 22, 2010, Licensee was arrested in Dennis Township, Cape May County, New Jersey on suspicion of driving under the influence. (N.J. Order and Certification, Reproduced Record (R.R.) at 31a; Trial Court Hearing Transcript, January 19, 2012 (H.T.) at 10, R.R. at 75a.) Licensee pleaded guilty to New Jersey's DWI law, N.J. Stat. § 39:4–50(a), on December 1, 2010 and agreed to enter into an intoxicated driving program in lieu of imprisonment. (N.J. Order and Certification, R.R. at 31a.) In 2003, Licensee entered into an accelerated rehabilitative disposition program in Bucks County for a violation of the Pennsylvania DUI law in effect at that time, 75 Pa.C.S. § 3731, and his license was suspended by the Department for 30 days. (Notice of Suspension, June 4, 2004, R.R. at 22a.)

As both Pennsylvania and New Jersey are members of the interstate Driver's License Compact (Compact), 75 Pa.C.S. §§ 1581–1586; N.J. Stat. §§ 39:5D–139:5D–14, New Jersey reported the conviction to the Department. (R.R. at 20a.) The report form sent to the Department indicated that Licensee had violated New Jersey's DWI law, N.J. Stat. § 39:4–50(a), and that the offense fell under the A20 code in the American Association of Motor Vehicles Administrators (AAMVA) Code Dictionary,[1] but otherwise provided no de-

---

1. This Court has explained the AAMVA Code Dictionary as follows:

tails regarding Licensee's conviction. (R.R. at 20a.)

The Department sent Licensee an official notice of suspension on December 23, 2010 (Notice), in which it notified Licensee that his driving privileges would be suspended for a term of one year in accordance with Section 3804(e)(2)(i) of the Pennsylvania Vehicle Code, 75 Pa.C.S. § 3804(e)(2)(i). (Notice of Suspension, December 23, 2010, R.R. at 16a.) The Notice stated that:

> Your driving record reflects a violation on 7/22/2010 of A20 of the AAMVA Code Dictionary, DUI OF ALCOH OR DRUGS that is similar to violating Section [3802(a)(2)] of the Pennsylvania Vehicle Code. The AAMVA Code Dictionary was developed to support the Commercial Motor Vehicle Act of 1986 and allows states to share conviction information....

> Your conviction in NEW JERSEY is listed in Article IV of Section 1581 of the Pennsylvania Vehicle Code which mandates that PennDOT process specific out-of-state convictions as though they had occurred in Pennsylvania.

(*Id.*)

Licensee appealed the suspension of his driving privileges, and a *de novo* hearing was held before the Trial Court on January 19, 2012. At the hearing, Licensee argued that the Notice was faulty because it indicated that Licensee violated a New Jersey provision similar to Section 3802(a)(2) of the Pennsylvania Vehicle Code, 75 Pa.C.S. § 3802(a)(2), Pennsylvania's statute pertaining to driving under the influence of alcohol and controlled substances (DUI). (H.T. at 12–13, R.R. at 77a–78a.) Section 3802(a)(2) provides that an individual with alcohol concentration in the blood or breath between .08% and .10% may not operate a vehicle. 75 Pa. C.S. § 3802(a)(2). As support for the argument he could not have violated a statute analogous to Section 3802(a)(2), Licensee offered into evidence the Order and Certification of his conviction by the New Jersey court (Certification), which in the blank space next to "BAC or Blood Test Reading" indicated that there was "no reading." (H.T. at 5, R.R. at 70a; R.R. at 31a.) Licensee also testified that after he was arrested on July 22, 2010, he was taken to New Jersey State Police barracks where he blew into a breathalyzer three times but the breathalyzer did not produce a reading. (H.T. at 9–15, R.R. at 74a–80a.) Instead of a violation of a provision similar to Section 3802(a)(2), Licensee argued that the Notice should have indicated that he had violated a statute similar to Section 3802(a)(1). Section 3802(a)(1) provides that an individual may not operate a vehicle "after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S. § 3802(a)(1). The Department contended that the distinction between subsections (a)(1) and (a)(2) of Section 3802 was at most a typographical error, and that, though the specific provision under which

---

The genesis of the AAMVA Code Dictionary arises out of the Commercial Motor Vehicle Safety Act (CMVSA) of 1986, 49 U.S.C. Chapter 313.... To support the CMVSA, the AAMVA Code Dictionary was developed to assist states in exchanging conviction and withdrawal information between licensing authorities. The AAMVA Code Dictionary is used by many states to determine the comparability of out-of-state offenses with in-state offenses.... It is an interpretative tool for states involved in the Driver [sic] License Compact of 1961, 75 Pa.C.S. § 1581, to "translate" the nature of a conviction reported by a sister state.
*Hyer v. Department of Transportation, Bureau of Driver Licensing,* 957 A.2d 807, 810 (Pa. Cmwlth.2008).

he was charged might make a difference if this were his first offense, Licensee was on his second DUI offense and he was facing a one-year suspension regardless of which provision the Department cited in the Notice.[2] (H.T. at 13–14, R.R. at 78a–79a.)

█ The Trial Court denied Licensee's appeal,[3] and Licensee appealed to this Court. Our scope of review in reviewing an appeal of a license suspension by the Department after a *de novo* hearing by the trial court is limited to whether constitutional rights were violated or whether the trial court abused its discretion or committed an error of law. *Meter v. Department of Transportation, Bureau of Driver Licensing*, 41 A.3d 901, 904 n. 5 (Pa.Cmwlth. 2012). As no material facts are in dispute in the instant appeal (Licensee Br. at 9; Department Br. at 8 n.3), only questions of

law are before this Court and our scope of review is plenary. *Department of Transportation v. McCafferty*, 563 Pa. 146, 152, 758 A.2d 1155, 1158 (2000); *Rothstein v. Department of Transportation, Bureau of Driver Licensing*, 922 A.2d 17, 19 n. 6 (Pa.Cmwlth.2006).

Licensee does not argue here that the Department did not prove he was convicted of a DWI offense in New Jersey or that the New Jersey law punishes conduct that cannot be punished in Pennsylvania under the Compact.[4] Rather, Licensee argues that the Notice was defective and the Trial Court committed an error of law by affirming the license suspension when Licensee could not have been found guilty of the Pennsylvania statute cited by the Department, Section 3802(a)(2), based on the conduct that led to his guilty plea in New

---

**2.** Section 3804 provides that "[t]here shall be no suspension for an ungraded misdemeanor under Section 3802(a) where the person is subject to the penalties provided in subsection (a) and the person has no prior offense." 75 Pa.C.S. § 3804(e)(2)(iii).

**3.** The instant appeal was taken from an October 12, 2012 order of the Trial Court denying and dismissing Licensee's appeal. (R.R. at 154a.) The Trial Court initially entered an order on the day of the hearing, January 19, 2012, in which it denied Licensee's appeal but also rescinded the suspension. (R.R. at 14a.) After Licensee filed a motion to clarify these inconsistent rulings (R.R. at 52a), the Trial Court entered Licensee's proposed order on April 20, 2012, reinstating Licensee's driving privileges and declaring the Notice void. (R.R. at 56a.) The Department filed a notice of appeal and a statement of errors with the Trial Court, and the Trial Court, recognizing its earlier errors, issued an opinion on July 31, 2012 in which it stated that the appeal should be dismissed and the license suspension should be upheld. (R.R. at 58a, 62a, 97a–102a.) On motion by the Department, this Court entered an order on October 2, 2012 in which it remanded to the Trial Court to enter a final order clarifying the Trial Court's resolution of the appeal of the license suspension. (R.R. at 105a, 153a.)

**4.** The New Jersey DWI statute to which Licensee pleaded guilty criminalizes four different types of conduct: (i) "operat[ing] a motor vehicle while under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug"; (ii) "operat[ing] a motor vehicle with a blood alcohol concentration of 0.08% or more by weight of alcohol in the defendant's blood"; (iii) "permit[ting] another person who is under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug to operate a motor vehicle owned by him or in his custody or control"; and (iv) "permit[ting] another to operate a motor vehicle with a blood alcohol concentration of 0.08% or more by weight of alcohol in the defendant's blood." N.J. Stat. § 39:4–50(a). While the two "permitting" violations are not similar to offenses punishable in Pennsylvania and thus cannot form the basis for a license suspension under the Compact, the two provisions relating to operating a motor vehicle are, despite technical differences, substantially similar to the Pennsylvania DUI law. *Scott v. Department of Transportation, Bureau of Driver Licensing*, 567 Pa. 631, 790 A.2d 291 (2002); *Nolan v. Department of Transportation, Bureau of Driver Licensing*, 819 A.2d 159, 163 (Pa.Cmwlth.2003).

Jersey. Licensee distinguishes this case from others where this Court has excused technical errors in the Notice, arguing that the Department's error here was material because it went to an element of the crime charged. The Department does not dispute Licensee's characterization of his New Jersey DWI conviction as not being premised on a specific blood alcohol reading; instead, the Department argues that the inaccuracy in the Notice was insufficient to mislead Licensee and deny him due process, and, in any case, the *de novo* hearing held by the Trial Court cured any due process issue.

 The Compact is an interstate agreement, adopted by statute, that was designed to coordinate law enforcement efforts against intoxicated drivers and other serious traffic offenders, and to facilitate information sharing regarding convictions. *Siekierda v. Department of Transportation, Bureau of Driver Licensing*, 580 Pa. 259, 262, 860 A.2d 76, 78 (2004). Under Article III of the Compact, party states must report any conviction for a motor vehicle offense occurring within its jurisdiction committed by an individual holding a license from another party state to the licensing authority of that individual's home state. 75 Pa.C.S. § 1581 (Article III). Article IV of the Compact then provides that the home state's licensing authority receiving the report must give that conviction the same effect as it would if that conduct occurred in the home state. *Id.* (Article IV). Pennsylvania licensees who are convicted of DUI offenses in other states that are parties to the Compact can have their driving privileges suspended by the Department just as they would if the offense occurred in Pennsylvania, so long as the provision under which they were convicted is of a "substantially similar nature" to Pennsylvania's DUI statute. *Id.* (Article

IV(c)); 75 Pa.C.S. § 3804(e)(1). The General Assembly has relaxed the "substantially similar" requirement for DUI offenses, providing that the "fact that the offense reported to the [D]epartment by a party state may require a different degree of impairment of a person's ability to operate, drive or control a vehicle than that required to support a conviction for a violation of [S]ection 3802 shall not be a basis for determining that the party state's offense is not substantially similar to [S]ection 3802 for purposes of Article IV of the [C]ompact." 75 Pa.C.S. § 1586; *Wroblewski v. Department of Transportation, Bureau of Driver Licensing*, 570 Pa. 249, 255, 809 A.2d 247, 251 (2002); *Leuthe v. Department of Transportation, Bureau of Driver Licensing*, 933 A.2d 165, 168 (Pa.Cmwlth.2007).

██ While the Compact enforces specific requirements on reporting states, including a description of the violation specifying the section of the statute, code or ordinance that was violated and an identification of the plea entered, 75 Pa.C.S. § 1581 (Article III), any defect in a conviction report *received* from another state cannot be held against the Department. 75 Pa.C.S. § 1584; *Siekierda*, 580 Pa. at 276, 860 A.2d at 86–87. The Compact therefore does not enact a minimum level of information that the Department must include when it issues a notice of suspension to a licensee for an out-of-state conviction. *Harrington v. Department of Transportation, Bureau of Driver Licensing*, 563 Pa. 565, 575, 763 A.2d 386, 392 (2000).

 A driver's license is a protected property interest, however, and the Department may not revoke or suspend a license without complying with the due process guarantee of the Fourteenth Amendment of the U.S. Constitution. *Bell v. Burson*, 402 U.S. 535, 539, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); *Department of*

*Transportation v. McCafferty,* 563 Pa. 146, 160, 758 A.2d 1155, 1163 (2000). The central guarantee of due process is notice and a right to be heard before the deprivation of property. *McCafferty,* 563 Pa. at 160, 758 A.2d at 1163. In license suspension cases, due process requires sufficient notice of the conduct that forms the basis for the revocation or suspension of a license to allow the licensee to adequately prepare a defense. *Harrington,* 563 Pa. at 575, 763 A.2d at 392 (citing *Mullane v. Central Hanover Bank & Trust Company,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

■■■■ However, due process requirements are flexible and not technical, and no particular form is required for a notice of suspension or revocation of driving privileges. *Harrington,* 563 Pa. at 575, 763 A.2d at 391–92 (citing *Mitchell v. W.T. Grant Company,* 416 U.S. 600, 610, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974)). A notice of a suspension or revocation is not a pleading. *Department of Transportation v. Sutton,* 541 Pa. 35, 40, 660 A.2d 46, 48 (1995). Further, "[t]he due process clause does not create a right to be deliberately obtuse as to the nature of a proceeding" where licensees know "exactly what was happening to them and why." *McCafferty,* 563 Pa. at 161, 758 A.2d at 1163; *see also Crooks v. Department of Transportation, Bureau of Driver Licensing,* 564 Pa. 436, 442, 768 A.2d 1106, 1109 (2001); *Harrington,* 563 Pa. at 576, 763 A.2d at 392 ("Other than by overt generalization, [licensee] fails to indicate why formal notice of details with which he already was intimately familiar was essential to his understanding and the preparation of his defense.").

Here, Licensee argues that the Notice was defective because it was "legally impossible" for him to be convicted under Section 3802(a)(2) since the New Jersey breathalyzer test did not produce a reading. (Licensee Br. at 10.) This argument misconstrues the Department's procedure for suspending driving privileges based on out-of-state convictions under the Compact. Licensee was not *charged* with a violation of Section 3802(a)(2); license suspensions are not crimes, but rather collateral civil consequences that follow from a criminal conviction. *Commonwealth v. Duffey,* 536 Pa. 436, 440, 639 A.2d 1174, 1176 (1994). Instead, Licensee was properly notified by the Department of the statutes that authorized the suspension of this license—Article IV of the Compact, 75 Pa.C.S. § 1581 (Article IV), and Section 3804(e)(2)(i) of the Pennsylvania Vehicle Code, 75 Pa.C.S. § 3804(e)(2)(i)—and that the suspension was based on an out-of-state conviction substantially similar to the Pennsylvania DUI statute.

■■■■ That Licensee could not have been convicted under the specific subsection of the Pennsylvania DUI law cited in the Notice is irrelevant to the analysis of whether the suspension was appropriate: all the Compact requires is that the New Jersey statute that Licensee was convicted of is one of the criminal offenses covered by the Compact and is of a "substantially similar nature" to Pennsylvania's DUI law. 75 Pa.C.S. § 1581 (Article IV). There is no question this is true of the provision of the New Jersey DWI statute at issue here. *See Scott v. Department of Transportation, Bureau of Driver Licensing,* 567 Pa. 631, 790 A.2d 291 (2002). The Compact, as adopted by the General Assembly, affirmatively disavows any requirement that the precise words used in the DUI statute or the degree of impairment—the distinction that Licensee highlights between Section 3802(a)(1) and Section 3802(a)(2)—should impact the determination of whether a reporting state's DUI law is substantially similar to Pennsylvania's DUI law. 75

Pa.C.S. § 1581 (Article IV(c)); 75 Pa.C.S. § 1586; *Hoenisch v. Department of Transportation, Bureau of Driver Licensing*, 567 Pa. 89, 96–97, 785 A.2d 969, 973–74 (2001). Moreover, the General Assembly has directed that, for the purposes of "calculating the term of a suspension for an offense that is substantially similar to an offense enumerated in [S]ection 3802, the [D]epartment shall presume that if the conduct reported had occurred in the Commonwealth then the person would have been convicted under [S]ection 3802(a)(2)." 75 Pa.C.S. § 3804(e)(2)(iv)(B).

■ Here, it is undisputed that the Notice informed Licensee of (i) the provision of the Compact that required the Department to suspend Licensee's driving privileges, 75 Pa.C.S. § 1581 (Article IV); (ii) the statute that authorized a suspension of one year for DUI convictions, 75 Pa.C.S. § 3804(e)(2)(f); (iii) the dates of Licensee's arrest and conviction in New Jersey; (iv) the type of offense—"DUI OF ALCOH OR DRUGS"—as defined in the AAMVA Code Dictionary; and (v) the procedure to appeal the Notice. (R.R. at 16a.) Even absent the identification of the closest subsection of the Pennsylvania DUI law that his New Jersey conviction approximated, Licensee had sufficient information in his possession to determine what action the Department was taking, what conduct instigated the proceeding and what statutory authority permitted the Department to take that action. *See Crooks*, 564 Pa. at 442, 768 A.2d at 1109 ("Since appellee does not claim that he did not know of the nature of the proceeding or that he had no meaningful opportunity to be heard or that he lacked notice of the actual conviction underlying this proceeding, there is no due process violation and the suspension should have been upheld.")

■ There is no indication that Licensee was misled by the Notice in any respect. The record evidences that he was fully aware of the factual and legal predicate for his suspension, including the supposed defect in the Notice, prior to the *de novo* hearing before the Trial Court. Indeed, Licensee presented the same argument advanced at the hearing before the Trial Court. (H.T. at 12–13, R.R. at 77a–78a.) Furthermore, the *de novo* hearing, at which Licensee was fully informed of the facts and able to mount a vigorous defense, cured any defect in the Notice. *Sutton*, 541 Pa. at 41–43, 660 A.2d at 49. Accordingly, Licensee's due process rights were not violated.

For the foregoing reasons, we affirm.

### ORDER

AND NOW, this 21st day of November, 2013, the October 12, 2012 order of the Bucks County Court of Common Pleas in the above-captioned case is AFFIRMED.