# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyler Gerard Simpson,  :
           Appellant  :
   :
       v.  :   No. 258 C.D. 2017
   :   Submitted: August 4, 2017
Commonwealth of Pennsylvania,  :
Department of Transportation,  :
Bureau of Driver Licensing  :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

**OPINION**
**BY JUDGE SIMPSON**                 **FILED: November 15, 2017**

Tyler Gerard Simpson[1] (Licensee) appeals from an order of the Court of Common Pleas of Montgomery County (trial court) that denied his appeal of a one-year suspension of his driver's license imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (PennDOT) as a result of his conviction for driving after underage consumption of alcohol in New Jersey. Licensee asserts the trial court erred in denying his appeal where his New Jersey conviction was not for an offense similar to the Pennsylvania statute referenced in PennDOT's official notice of suspension sent to Licensee. Upon review, we affirm.

## I. Background

---

[1] Appellant is not related to Judge Robert Simpson.

In August 2016, Licensee was convicted by the Winslow Township, New Jersey Municipal Court of violating N.J.S.A. §39:4-50.14 ("Operation of motor vehicle by person who has consumed alcohol but is under the legal age to purchase alcoholic beverages; penalties")[2] based on an incident that occurred in June 2016.[3]

As both Pennsylvania and New Jersey are members of the interstate Driver's License Compact (Compact), 75 Pa. C.S. §§1581-1586; N.J. Stat. §§39:5D-1-39:5D-14, New Jersey reported the conviction to PennDOT. The report sent to PennDOT also listed Code "A60" from the American Association of Motor Vehicle Administrators (AAMVA) Code Dictionary (ACD), "along with the State Native Code of D38V5014 for [Licensee's] New Jersey conviction." Tr. Ct., Slip Op., 3/23/17, at 1. The New Jersey conviction report listed the "EVENT DESCRIPTION" as "DRIVING AFTER UNDERAGE DRINKING." Id.

---

[2] That provision states, as pertinent:

> Any person under the legal age to purchase alcoholic beverages who operates a motor vehicle with a blood alcohol concentration of 0.01% or more, but less than 0.08%, by weight of alcohol in his blood, shall forfeit his right to operate a motor vehicle over the highways of this State or shall be prohibited from obtaining a license to operate a motor vehicle in this State for a period of not less than 30 or more than 90 days beginning on the date he becomes eligible to obtain a license or on the day of conviction, whichever is later, and shall perform community service for a period of not less than 15 or more than 30 days. …

> The penalties provided under the provisions of this section shall be in addition to the penalties which the court may impose under N.J.S.2C:33-15, R. S.33:1-81, R.S.39:4-50 or any other law.

N.J.S.A. §39:4-50.14.

[3] The record reveals PennDOT previously suspended Licensee's driver's license for driving under the influence of a controlled substance. Reproduced Record at 10a.

Upon receipt of the New Jersey report, PennDOT sent Licensee an official notice of suspension, which stated his driver's license was suspended for one year. According to the notice, Licensee's driving record "reflect[ed] a violation on 6/15/2016 of A60 of the [ACD], UNDRAGE DUI => .02 [Blood Alcohol Concentration (BAC)] that is similar to a violation of Section 3802(a)(2) of the Pennsylvania Vehicle Code[,] [75 Pa. C.S. §3802(a)(2)]." Reproduced Record at 4a. Licensee appealed to the trial court. A hearing ensued.

At the hearing, PennDOT presented a packet of certified documents, which included, among other things, the "State of New Jersey Motor Vehicle Commission Out of State Driver Convictions Report," which indicated that Licensee was convicted of driving after underage drinking. R.R. at 8a. The trial court admitted PennDOT's certified packet of documents without objection. No other evidence was submitted and no witness testimony was presented.

After the hearing, the trial court issued an order denying Licensee's appeal and reinstating the suspension. Licensee appealed to this Court.

The trial court subsequently issued an opinion in support of its order. It first observed that, under federal law, "[t]he Secretary of Transportation shall establish as soon as practicable and maintain a National Driver Register to assist chief driver licensing officials of participating States in exchanging information about the motor vehicle driving records of individuals." 49 U.S.C. §30301. To that end, pursuant to federal law,

[a]s soon as practicable, the chief driver licensing official of each participating State shall submit to the Secretary of Transportation a report containing the information specified by subsection (b) of this section for each individual--

* * * *

(2) whose motor vehicle operator's license is revoked, suspended, or canceled by that State for cause; or

(3) who is convicted under the laws of that State of any of the following motor vehicle-related offenses or comparable offenses:

(A) operating a motor vehicle while under the influence of, or impaired by, alcohol or a controlled substance ….

49 U.S.C. §30304(a)(2), (3)(A). The trial court explained that, included as an appendix to the regulations implementing this federal law is an abridged listing of the ACD. The appendix provides identifier ACD Codes that can be used by the state in which a person is convicted of an offense to inform the driver's licensing officials in the state in which the driver is licensed of the nature of the offense. The ACD was "developed to assist states in exchanging conviction … information between licensing authorities." Hyer v. Dep't of Transp., Bureau of Driver Licensing, 957 A.2d 807, 810 (Pa. Cmwlth. 2008).

Here, the trial court stated, the New Jersey report sent to PennDOT listed the ACD Code as A60. Under the ACD, Code A60 denotes an offense of "Underage Convicted of Drinking and Driving at .02 or higher BAC." Tr. Ct., Slip Op., at 3. PennDOT's official suspension notice to Licensee here states that

4

Licensee's driving record reflected a violation of A60 of the ACD "UNDRAGE DUI => .02 BAC." Id. at 4. Based on this conviction, PennDOT suspended Licensee's driver's license under Article IV of the Compact.

The trial court stated Pennsylvania courts confirm reliance on ACD Codes. See Taddei v. Dep't of Transp., Bureau of Driver Licensing, 982 A.2d 1249 (Pa. Cmwlth. 2009) (ACD Codes properly used to identify offense on which suspension was based); see also Fowler v. Dep't of Transp., Bureau of Driver Licensing, 2 A.3d 1282 (Pa. Cmwlth. 2010). Additionally, the Pennsylvania Supreme Court specifically holds that the Compact contemplates variations in the permitted BAC levels from state to state. Hoenisch v. Dep't of Transp., Bureau of Driver Licensing, 785 A.2d 969 (Pa. 2001).

Here, the trial court determined the evidence presented supported a finding that PennDOT received a certified record from the New Jersey Motor Vehicle Commission showing Licensee was convicted of the offense of driving after underage drinking. The trial court explained the suspension notice provided this information to Licensee, and it met the standards for notice required under Pennsylvania law to uphold a license suspension.

Nevertheless, Licensee argued the suspension notice referred to Section 3802(a)(2) of the Vehicle Code, rather than Section 3802(e)(1), the Vehicle Code provision relating to driving after underage drinking. However, the trial court stated, the suspension notice also stated the suspension was based on a violation of "A60 of the AAMVA Code-UNDRAGE DUI =>.02." Tr. Ct., Slip Op., at 5. The trial court

5

determined this information apprised Licensee of the provision on which his suspension was based.

To that end, the trial court stated, in <u>Scott v. Department of Transportation, Bureau of Driver Licensing</u>, 730 A.2d 539 (Pa. Cmwlth. 1999), <u>aff'd</u>, 790 A.2d 291 (Pa. 2002), the Court rejected a similar argument to that made by Licensee here, that the suspension notice did not set forth the applicable Vehicle Code[4] section.  <u>See</u> <u>also</u> <u>Hatzai v. Dep't of Transp., Bureau of Driver Licensing</u>, 686 A.2d 48 (Pa. Cmwlth. 1996) (suspension upheld where PennDOT's notice cited wrong statutory section).  Likewise, the trial court explained the suspension notice here specifically identified the offense as driving after underage drinking. Thus, PennDOT presented a *prima facie* case to uphold the suspension.

Once PennDOT established its *prima facie* case, the burden shifted to Licensee to prove by clear and convincing evidence that he was not convicted of an offense that mandated the license suspension.  <u>Taddei</u>.  Here, Licensee presented no such evidence.  Thus, the trial court dismissed Licensee's appeal. This matter is now before us for disposition.

## II. Discussion
### A. Contentions

---

[4] 75 Pa. C.S. §§101-9805.

On appeal,[5] Licensee argues the official notice of suspension indicates PennDOT suspended his operating privilege for one year under Section 3804(e)(2)(i) of the Vehicle Code, 75 Pa. C.S. §3804(e)(2)(i), as a result of an adjudication in New Jersey. The notice states that the New Jersey conviction, driving after underage drinking with a BAC greater than .02, is similar to a violation of Section 3802(a)(2) of the Vehicle Code. He contends there is no similarity between Section 3802(a)(2) and the conviction for driving after underage drinking with a BAC greater than .02. Specifically, he argues Section 3802(a)(2) does not relate to driving after underage drinking. Further, Section 3802(a)(2) requires a BAC of .08 to less than .10, while the conviction reported here purports to require a blood alcohol level of at least .02.

Instead, Licensee points out Section 3802(e) of the Vehicle Code relates to minors.[6] Given the elements in Section 3802(e), he asserts, it is difficult to understand why PennDOT would compare his New Jersey conviction to Section 3802(a)(2) rather than Section 3802(e), which is arguably more similar as it pertains to an underage individual whose BAC is at least .02.

---

[5] Our review is limited to determining whether constitutional rights were violated or whether the trial court abused its discretion or committed an error of law. Phillips v. Dep't of Transp., Bureau of Driver Licensing, 80 A.3d 561 (Pa. Cmwlth. 2013).

[6] Section 3802(e) of the Vehicle Code states:

> **(e) Minors.--**A minor may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the minor's blood or breath is 0.02% or higher within two hours after the minor has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa. C.S. §3802(e).

Assuming PennDOT mistakenly referenced the operative provision in its notice and intended to list Section 3802(e) as the applicable provision, Licensee contends, PennDOT failed to meet its burden. He asserts Section 3802(e) requires a BAC of at least .02 while the New Jersey statute requires a BAC of at least .01. Licensee argues his New Jersey conviction report listed no BAC. Thus, if his BAC in New Jersey were .015, it would be sufficient for conviction under New Jersey's driving after underage drinking statute, but not Pennsylvania's driving after underage drinking statute. Licensee contends while New Jersey reported no specific BAC to PennDOT, the New Jersey conviction report indicated an ACD Code of A60, which, by definition, requires a minimum BAC of .02; however, the description on the report merely states "driving after underage drinking" without specifying a BAC. R.R. at 8a.

## B. Analysis

Licensee first argues that PennDOT's official notice of suspension incorrectly cited Section 3802(a)(2) of the Vehicle Code, which prohibits an individual from operating a vehicle after imbibing a sufficient amount of alcohol that the individual's BAC is at least 0.08% but less than 0.10% within two hours after the individual operated the vehicle. He asserts Section 3802(e), which relates to minors, is the more applicable provision.

Contrary to this assertion, PennDOT's reference to Section 3802(a)(2) comports with the directive in Section 3804(e)(2)(iv)(B) of the Vehicle Code, which states: "In calculating the term of a suspension for an offense that is substantially similar to an offense enumerated in [S]ection 3802, [PennDOT] shall presume that if the conduct reported had occurred in this Commonwealth then the person would

have been convicted under [S]ection 3802(a)(2)." Id. An individual who is convicted of violating Section 3802(a)(2) is subject to a one-year suspension of his operating privilege, unless the individual is eligible for the exception set forth in Section 3804(e)(2)(iii), which does not apply here. Indeed, in rejecting a similar argument in Phillips v. Department of Transportation, Bureau of Driver Licensing, 80 A.3d 561, 568 (Pa. Cmwlth. 2013), this Court explained:

> This argument misconstrues [PennDOT's] procedure for suspending driving privileges based on out-of-state convictions under the Compact. [The] [l]icensee was not charged with a violation of Section 3802(a)(2); license suspensions are not crimes, but rather collateral civil consequences that follow from a criminal conviction. Commonwealth v. Duffey, [639 A.2d 1174, 1176 (Pa. 1994)]. Instead, [the] [l]icensee was properly notified by [PennDOT] of the statutes that authorized the suspension of this license—Article IV of the Compact, 75 Pa.C.S. § 1581 (Article IV), and Section 3804(e)(2)(i) of the [Vehicle Code], 75 Pa.C.S. § 3804(e)(2)(i)—and that the suspension was based on an out-of-state conviction substantially similar to the Pennsylvania DUI statute.

Thus, no error is apparent in the reference to Section 3802(a)(2) of the Vehicle Code in the suspension notice.

In any event, even if the suspension notice incorrectly referenced Section 3802(a)(2) of the Vehicle Code rather than Section 3802(e), there is no indication Licensee was misled by the suspension notice in any manner. Our review of the hearing transcript reveals Licensee was fully aware of the factual and legal predicate for his suspension, including the purported defect in the suspension notice prior to the trial court hearing. R.R. at 15a-17a. To that end, the suspension notice stated Licensee's driving record "reflect[ed] a violation on 6/15/2016 of A60 of the

9

[ACD], <u>UNDRAGE DUI</u> => .02 BAC ….” R.R. at 4a (emphasis added). Moreover, the *de novo* hearing cured the purported defect in the suspension notice. <u>See</u> <u>Phillips</u>; <u>Hatzai</u>.

Licensee also asserts the fact that the applicable New Jersey statute, N.J.S.A. §39:4-50.14, applies to an underage driver whose BAC is .01 or more, and the Pennsylvania statute, Section 3802(e) of the Vehicle Code, applies to an underage driver whose BAC is .02, shows the provisions are not substantially similar.

Contrary to this assertion, Section 1586 of the Vehicle Code states, as relevant (with emphasis added):

> [PennDOT] shall, for purposes of imposing a suspension … under Article IV of the [C]ompact, treat reports of convictions received from party states that relate to driving, operating or being in actual physical control of a vehicle while impaired by or under the influence of alcohol, intoxicating liquor … as being substantially similar to [S]ection 3802 (relating to driving under influence of alcohol or controlled substance [(DUI)]). <u>The fact that the offense reported to [PennDOT] by a party state may require a different degree of impairment of a person's ability to operate, drive or control a vehicle than that required to support a conviction for a violation of [S]ection 3802 shall not be a basis for determining that the party state's offense is not substantially similar to [S]ection 3802 for purposes of Article IV of the [C]ompact.</u>

> Thus, as this Court previously explained:

> Pennsylvania licensees who are convicted of DUI offenses in other states that are parties to the Compact can have their driving privileges suspended by [PennDOT] just as

10

they would if the offense occurred in Pennsylvania, so long as the provision under which they were convicted is of a 'substantially similar nature' to Pennsylvania's DUI statute. Id. (Article IV(c)); 75 Pa. C.S. § 3804(e)(1). The General Assembly has relaxed the 'substantially similar' requirement for DUI offenses, providing that the 'fact that the offense reported to [PennDOT] by a party state may require a different degree of impairment of a person's ability to operate, drive or control a vehicle than that required to support a conviction for a violation of [S]ection 3802 shall not be a basis for determining that the party state's offense is not substantially similar to [S]ection 3802 for purposes of Article IV of the [C]ompact.' 75 Pa. C.S. §1586; Wroblewski v. [Dep't of Transp., Bureau of Driver Licensing, 809 A.2d 247, 251 (Pa. 2002)]; Leuthe v. [Dep't of Transp., Bureau of Driver Licensing], 933 A.2d 165, 168 (Pa. Cmwlth. 2007).

Phillips, 80 A.3d at 567. Thus, under the terms of Section 1586 of the Vehicle Code, "an out-of-state conviction for any level of impaired driving is punishable in Pennsylvania." Wroblewski, 809 A.2d at 251 (emphasis added). As such, Licensee's argument fails.

Licensee acknowledges that in Hoenisch, the Supreme Court held that the Compact contemplated variations in permitted BAC levels from state to state. He argues it would initially appear that, had PennDOT compared the New Jersey conviction to Section 3802(e) of the Vehicle Code, which requires a slightly different minimum BAC level for culpability, the statutes would nevertheless be similar under Hoenisch. However, the Court in Hoenisch noted that the North Carolina impaired driving statute at issue there had both a general provision, driving a vehicle while under the influence of an impairing substance, and a *per se* provision requiring a BAC of at least .08, compared to the then-applicable .10 threshold in Pennsylvania. Unlike Hoenisch, Licensee asserts, there is no evidence here that New

11

Jersey has a general impairment provision in its DUI statute; thus, <u>Hoenisch</u> does not apply. He contends Article IV(a)(2) of the Compact requires that a licensee be intoxicated to a degree that renders the driver incapable of safely driving a vehicle, and there is no evidence this threshold was met here. Again, we reject Licensee's argument.

First, Licensee's assertion fails to account for the fact that <u>Hoenisch</u> was decided prior to the enactment of Section 1586 of the Vehicle Code. Indeed in <u>Hoenisch</u>, the Court stated:

> Although not applicable in this case, it is noteworthy that the General Assembly recently enacted Section 1586, which provides that a party state's requirement of a different degree of impairment shall not be a basis for determining that such offense is not substantially similar to the Compact. <u>See</u> 75 Pa.C.S. § 1586. This provision would appear to anticipate the trend toward lowering the *per se* method threshold in a number of other jurisdictions. <u>See generally</u> NATIONAL HIGHWAY TRAFFIC SAFETY COMMISSION, U.S. DEPARTMENT OF TRANSPORTATION, PRESIDENTIAL INITIATIVE FOR MAKING .08 BAC THE NATIONAL LEGAL LIMIT, A PROGRESS REPORT-LEGISLATIVE ACTIVITY (2001) (stating that seventeen states and the District of Columbia have passed .08 BAC laws and twenty-three other states have introduced .08 legislation); 23 U.S.C. § 163 (providing for grants to states that enact laws for a *per se* offense based upon a blood alcohol content of .08 percent).

<u>Id.</u> at 974 n.8. As set forth above, Section 1586 of the Vehicle Code "eliminated the comparison of differing degrees of impairment between a Pennsylvania's [sic] DUI offense and a DUI offense of other Compact party states." <u>Stiver v. Dep't of Transp., Bureau of Driver Licensing</u>, 783 A.2d 841, 845 (Pa. Cmwlth. 2001). Indeed:

Section 1586 directs that for purposes of Article IV [of the Compact], [PennDOT] shall treat reports of convictions from other states as being substantially similar to … the statutory provision that contains Pennsylvania's provisions relative to impaired driving. Section 1586 also rejects any distinction between the levels of impairment between the out-of-state offense and Pennsylvania's §3731[[7]].

Section 1586 clearly broadens the scope of offenses that Pennsylvania would consider to be 'substantially similar' to the offenses delineated in Article IV(a)(2). Under the terms of § 1586, an out-of-state conviction for any level of impaired driving is punishable in Pennsylvania. In contrast, the Compact, as interpreted by Petrovick [v. Department of Transportation, Bureau of Driver Licensing, 741 A.2d 1264 (Pa. 1999)], required a level of impairment to a degree which rendered the operator 'incapable of safely driving'; impairment which did not reach this level was not punishable.

Additionally, Article I(b)(1) [of the Compact] states that the policy of each party state is to '[p]romote compliance with the laws, ordinances and administrative rules and regulations relating to the operation of motor vehicles by their operators in each of the jurisdictions where such operators drive motor vehicles.' We think it evident that in enacting § 1586, the legislature sought to promote this policy by sanctioning those Pennsylvania-licensed drivers who violated the impairment laws of other party states, even if those other states' offenses had lower thresholds of impairment than [Pennsylvania's former DUI statute]. Thus, the fact that the New York offense permits conviction of a lower level of impairment than [Pennsylvania's former DUI statute] does not preclude [the] [a]ppellant's reciprocal license suspension. …

---

[7] Former Section 3731 of the Vehicle Code, *formerly* 75 Pa. C.S. §3731, prohibited driving under the influence of alcohol or intoxicating drugs to a degree which rendered the driver incapable of safe driving. See Leuthe v. Dep't of Transp., Bureau of Driver Licensing, 933 A.2d 165 (Pa. Cmwlth. 2007). As set forth above, Pennsylvania's current statute relating to driving under the influence of alcohol or controlled substances is found at Section 3802 of the Vehicle Code, 75 Pa. C.S. §3802.

We turn to whether the Commonwealth Court properly ordered the suspension of [the] [a]ppellant's license under § 1586. Given the broad scope of § 1586, we conclude that [the] [a]ppellant's New York conviction can provide the basis for a reciprocal suspension of his driving privileges in Pennsylvania. The New York offense provides: 'No person shall operate a motor vehicle while the person's ability to operate such motor vehicle is impaired by the consumption of alcohol.' N.Y. Veh. & Traf. Law. § 1192(1). Regardless of the level of [the] [a]ppellant's impairment, PennDOT was justified in suspending [the] [a]ppellant's license as the New York offense is to be deemed 'substantially similar' to the provisions of Article IV(a) [of the Compact] and [Pennsylvania's former DUI statute].

Wroblewski, 809 A.2d at 251 (emphasis added).[8]

In addition, while Licensee argues there was no proof that he was intoxicated to a degree that rendered him incapable of safely driving a vehicle, see Article IV(a)(2) of the Compact, it is clear that the legislature has determined that driving after underage drinking to any extent, in and of itself, renders an individual incapable of safely operating a vehicle. See N.J.S.A. §39:4-50.14.

Based on the foregoing, we affirm.

---

[8] Further, contrary to Licensee's assertion, New Jersey's DUI statute does, in fact, have a general impairment provision. Indeed, that statute prohibits four types of conduct: "[(1)] operat[ing] a motor vehicle while under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug, or [(2)] operat[ing] a motor vehicle with a blood alcohol concentration of 0.08% or more by weight of alcohol in the defendant's blood or [(3)] permit[ting] another person who is under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug to operate a motor vehicle owned by him or in his custody or control or [(4)] permit[ting] another to operate a motor vehicle with a blood alcohol concentration of 0.08% or more by weight of alcohol in the defendant's blood …." N.J.S.A. §39:4-50(a).

14

_____

ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyler Gerard Simpson,                     :
                    Appellant             :
                                          :
          v.                              :     No. 258 C.D. 2017
                                          :
Commonwealth of Pennsylvania,             :
Department of Transportation,             :
Bureau of Driver Licensing                :

# **O R D E R**

     **AND NOW**, this 15th day of November, 2017, the order of the Court of Common Pleas of Montgomery County is **AFFIRMED**.

                                         _____

                                         ROBERT SIMPSON, Judge